VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND
John Marshall Courts Building

| | |
|---|---|
| ALAN SCHINTZIUS, et al., ) | |
| ) | |
| Plaintiffs-Petitioners, ) | |
| v. ) | Civil Action No. CL16-3875 |
| ) | |
| J. KIRK SHOWALTER, et al., ) | |
| ) | |
| Defendants-Respondents. ) | |

## DEMURRER

COME NOW, the defendants, J. Kirk Showalter, C. Starlet Stevens, and Cecilia A.B. Dabney (collectively, the "Defendants"), by counsel, and demur to the Motion for Temporary Injunction ("Motion") filed herein by the plaintiffs for the following reasons:

1. The Motion fails to articulate a cognizable claim. A temporary injunction is, by its very definition, interlocutory relief awarded during the pendency of some underlying litigation. This Motion has been filed as a freestanding civil action separate and apart from the parallel proceeding pending in this Court under Case No. CL16-3874 ("Parallel Proceeding").

2. This action should be dismissed or consolidated with the Parallel Proceeding. The prosecution of the Motion in a separate proceeding from the associated claim for permanent injunctive relief is impermissible claim splitting.

3. Setting aside these deficiencies, *arguendo*, the Motion should be denied and dismissed because the plaintiffs cannot, as a matter of law, prevail on the merits for the reasons stated in the Demurrer filed in the Parallel Proceeding, to wit:

    a. Though it is not clear that the petitions are seeking a writ of mandamus, the Complaint nonetheless fails to state a claim for a writ of mandamus upon which



relief may be granted because mandamus does not lie (i) to "undo" official action or (ii) to compel discretionary acts by government officials. In this case, the plaintiffs are challenging discretionary actions of both the Registrar and the Electoral Board, and all challenged official actions are complete.

b. The Complaint fails to state a claim for violation of the Virginia Constitution upon which relief can be granted, because there is no private cause of action for violations of the Virginia Constitution. *E.g., Paul v. State Bd. of Elections,* 10 Va. Cir. 421, 1988 Va. Cir. LEXIS 14 (Va. Cir. Ct. 1988) (City of Richmond) (Johnson, J.) (holding that the Virginia Constitution textually committed the implementation of constitutional election procedures to the General Assembly, and did not otherwise provide a self-executing, private right of action, in an action seeking to compel the State Board of Elections to include space to "write in" candidate names on election ballots).

c. The Complaint fails to state a claim, under 42 U.S.C. § 1983 ("§ 1983"), upon which relief can be granted for violation of the Fourteenth Amendment's Equal Protection Clause, because the facts fail to establish disparate treatment any plaintiff vis-à-vis any other identified party, faction, demographic, or other group of persons entitled to constitutional protection, or to articulate any cognizable basis for raising an equal protection challenge. The events described in the Complaint relate to content-neutral election procedures.

d. The Complaint fails to state a § 1983 claim upon which relief can be granted for violation of the First Amendment, because the allegations in the Complaint establish, at most, a factual dispute arising out of the administration of state

election procedures, not a substantial question of federal law. *E.g., White-Battle v. Democratic Party of Virginia*, 323 F. Supp. 2d 696 (E.D. Va. 2004), *aff'd* 2005 U.S. App. LEXIS 11892 (4th Cir. June 21 2005) (per curiam) (unpublished). The Complaint alleges only failure to properly administer state election procedures, without challenging the legality or constitutionality of the statutory and regulatory procedures themselves. However, the identified statutory, regulatory, and administrative procedures do not, as a matter of law, run afoul of First Amendment freedoms under the operative balancing test.

e.  The Complaint fails to state a § 1983 claim upon which relief can be granted for violation of the Due Process Clause of the U.S. Constitution because established law provides that ballot access claims like the instant action do not implicate constitutional due process. Additionally, the Complaint establishes as a matter of law that Schintzius was provided due process and/or that he has waived any objections to the due process proceedings.

f.  For the same reasons articulated in paragraphs 3, 4, and 5, *supra*, the Complaint fails to state a claim for violations of the Virginia Constitution, because Article I of the Virginia Constitution is, in relevant part, interpreted in lock-step fashion with its federal constitutional counterpart. *Digiacinto v. Rector & Visitors of George Mason Univ.*, 281 Va. 127, 134 (Va. 2011).

g.  The Complaint fails to state a claim upon which relief may be granted because the well-pled facts, taken together with the exhibits, establish as a matter of law that Schinzius failed to obtain the requisite number of signatures in the City of Richmond's Eighth District to qualify as an independent candidate for mayor.

WHEREFORE, the defendants, J. Kirk Showalter, C. Starlet Stevens, and Cecilia A.B. Dabney, by counsel, pray that this Court enter an Order (i) sustaining the instant demurrer; (ii) dismissing this action with prejudice; and (iii) awarding such further relief as this Court deems just and appropriate.

Respectfully submitted,

J. KIRK SHOWALTER
C. STARLET STEVENS
CECILIA A.B. DABNEY

By: _____
                    Counsel

William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Tel.: (804) 698-5933
Fac.: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com

*Counsel for J. Kirk Showalter, C. Starlet Stevens, and Cecilia A.B. Dabney*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon the following counsel of record via hand-delivery this 7th day of September, 2016:

Joseph D. Morrissey
Morrissey & Goldman, LLC
605 E. Nine Mile Road
Highland Springs, Virginia 23075
Fax: (804) 737-1671

*Counsel for the Plaintiff*

William F. Etherington
Beale, Davidson, Etherington &
Morris, P.C.
701 E. Franklin Street #1200
Richmond, Virginia 23219
Fax: (804) 788-0135
wetherington@bealelaw.com

*Counsel for Ophelia Daniels*

Harold E. Johnson
Williams Mullen
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Fax: (804) 420-6507
hjohnson@williamsmullen.com

*Counsel for James B. Alcorn, Clara Belle Wheeler, Singleton B. McAllister, and Edgardo Cortés*

_____
William W. Tunner