**VIRGINIA:**

## IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

|  |  |
|---|---|
| ALAN SCHINTZIUS<br>Antwanette Brown,<br>Annquinnette Kenney,<br>Korvel Mabry,<br>Phillip Ricks,<br>Sharon Smith,<br>Chevis Warren | )<br>)<br>)<br>)<br>)<br>)<br>) |

CL16-3874-8

RECEIVED AND FILED
CIRCUIT COURT

AUG 23 2016

EDWARD F. JEWETT, CLERK
BY _____ D.C.

<table>
<tr><td><i>Plaintiffs,</i></td><td>)<br>)<br>)</td></tr>
<tr><td>v.</td><td>)<br>)<br>)</td></tr>
<tr><td>J. KIRK SHOWALTER,<br>General Registrar for the City of Richmond,<br>C. Starlet Stevens,<br>Chairman of the Richmond Electoral Board.<br>Cecila A. B. Dabney.<br>Secretary of the Richmond Electoral Board,<br>Ophelia Daniels<br>Vice-Chairman of the Richmond Electoral Board<br>James Alcorn<br>Chairman, Virginia State Board of Elections;<br>, Clara Belle Wheeler<br>Vice-Chairman, Virginia State Board of Elections;<br>Singleton B. McAllister, Esq.<br>Secretary, Virginia State Board of Elections,<br>And<br>Edgardo Cortes<br>Commissioner, Department of Elections<br>Department of Elections<br><i>Defendants.</i></td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td></tr>
</table>

## COMPLAINT AND PETITION FOR MANDAMUS

Plaintiffs Alan Schintzius ("Schintzius"), Antwanette Brown ("Brown"), Annquinnette

Kenney ("Kenney"), Korvel Mabry ("Mabry"). Phillip Ricks ("Ricks"), Sharon Smith ("Smith"),



and Chevis Warren ("Warren") collectively, ("Plaintiffs"), by counsel, for their Complaint and Petition for Mandamus against the Defendants herein, say as follows:

## INTRODUCTION

1.  This case presents a federal constitutional challenge, a state constitutional challenge and a state law challenge.

2.  As applied to plaintiffs, and numerous others, including Schintzius' status not only as a candidate but as a circulator of petitions, the actions of defendants have violated the Political Speech and the Right of Association Clauses of the First Amendment of the Constitution of the United States, the Equal Protection Clause of the 14th Amendment to the Constitution of the United States, and the Due Process Clause of the 14th Amendment to the Constitution of the United States.

3.  As applied to Plaintiffs and numerous others, including Schintzius' status not only as a candidate but as a circulator of petitions, the actions of defendants has violated the Due Process Clause and Political Free Speech Clause of Article 1 of the Constitution of Virginia.

4.  As applied to Plaintiffs and number others, including Schintzius' status not only as a candidate but as a circulator of petitions, the actions of defendants has violated § 24.2-101 et. seq. of the Code of Virginia, ("Va. Code") 1950, as amended, which encompasses the state's election laws including applicable state regulations 1VAC20-50-20 and 1VAC20-50-30.

5.  Plaintiffs bring this action under 42 U.S.C §§ 1983 and 1988, seeking declaratory and injunctive relief as well as costs and attorney's fees (an award of such costs and fees being expressly authorized by § 1988).

6.  Specifically, the General Registrar of the City of Richmond initially arbitrarily and capriciously disqualified the signatures of the Plaintiffs and numerous others, each of whom

followed the instructions on the state's mandated petition and provided the information therein requested for the purposes of seeking to place Schintzius on the ballot as candidate for Mayor in the November, 2016 citywide election.

7. As a result of such disqualified signatures, Schintzius has been denied a spot on the ballot this coming November.

8. Making matters worse, the Richmond Election Board failed in their oversight responsibilities and such failure led to an unfair, unreasonable and unconstitutional appeal process, as they choose instead to in effect rubber stamp the General Registrar's determination that Schintzius lacked the sufficient number of qualified signatures to have his name on the ballot this November even though the Registrar – an appointee of Board – had at all times sole possession of evidence demonstrating the unlawfulness of her determination.

9. Making matters even worse, the State Board of Elections have totally abdicated their oversight responsibilities mandated by state law to insure the state's election laws are being implemented by local registrars and local election boards with the uniform purity and reasonableness required by state law in matters affecting the state's qualified voters and candidates for office.

10. The General Registrar of the City of Richmond, the Richmond Electoral Board and the State Board of Election derive their power over ballot access through a delegation of authority from the General Assembly of Virginia, the state legislature. Thus defendants at all times acted under the color of state law in violating the heretofore mentioned federal constitutional rights along with other such heretofore mentioned rights.

11. These actions by Defendants have deprived Plaintiffs of their fundamental right to participate in the political process, as guaranteed by the U.S. Constitution. Plaintiffs now seek an

injunction from this Court requiring Defendants to place Schintzius on the ballot or, in the alternative, requiring Defendants to conduct a review of their disqualification of the signatures at issue in a manner consistent with the due process clause of the 14th Amendment to the U.S. Constitution, such review having not been provided by the Defendants based on their actions in this matter as is shown from the facts and law cited herein.

## JURISDICTION AND VENUE

12.     This is a civil action arising under the laws of the United States and the State of Virginia. This Court has subject matter jurisdiction over the claims of federal constitutional violates herein. This Court further has subject matter over other claims herein including the prayer for a Writ of Mandamus against the State Board of Elections, the Richmond Electoral Board and the Richmond General Registrar over "cases in which it may be necessary to prevent the failure of justice and in which mandamus may issue according to the principles of common law." Va. Code § 17-513.

13.     Venue is proper for this action in that the events or omissions giving rise to the claims herein occurred and/or will occur in this district.

## PARTIES

14.     Plaintiff Schintzius is resident of Richmond and a candidate for the office of Mayor of Richmond. He has been denied the right to appear on the general election ballot by the Richmond Electoral Board, acting on the advice of their appointee, the General Registrar of the City of Richmond. The Richmond Electoral Board concedes Schintzius met all the requirements for having his name put on the general election ballot but one: an alleged failure to submit by the June 14th due date the signatures of at least 50 "qualified voters" in the city's 8th Council district as required by state law and the City Charter. Schintzius initially got disqualified on the sole

ground of submitting only 43 signatures of qualified voters in the 8th. This number later got increased to 46, thus still leaving him 4 short.

15.     Schintzius, besides being a candidate, is also a circulator and thus his status as a Plaintiff also involves the denial of protected constitutional rights of association and free speech in this role as well.

16.     Plaintiff Antwanette Brown is a resident of the eighth council District [Richmond has 9 council districts], a registered voter in the eighth District and a qualified voter for purposes of signing the petition at issue under state law and regulation. As requested, she provided on the petition form the information demanded by state law. However, her signature has been disqualified on the grounds she failed to provide information not requested, but at all times going to be considered necessary by Defendants as a technical requirement for allowing her to exercise protected political rights. At all times, Defendants had within their sole possession – unavailable to Schintzius - sufficient evidence to determine if the Antwanette Brown signing the petition was indeed the was the Antwanette Brown listed on the state voter registration system as a qualified voter for purposes of signing a petition. Upon information and belief, and based upon the position of the defendants in a prior case in this court, at no time did the Richmond Electoral Board or the General Registrar of the City of Richmond bother to check such evidence even though it would have taken very little effort.

17.     Annquinnette Kinney is a resident of the eighth council district ("eighth or 8th district), a registered voter in the eighth district and a qualified voter for purposes of signing a petition under state law and regulation. She is listed as an active voter. As requested, she provided on the petition form the information demanded by state law. However, her signature has been disqualified on the grounds she failed to provide information not requested, but at all

times going to be considered necessary by Defendants as a technical requirement for allowing her to exercise protected political rights. At all times, Defendants had within their sole possession - unavailable to Schintzius - sufficient evidence to determine if the Annquinnette Kinney signing the petition was indeed the Annquinnette Kinney listed on the state voter registration system as a qualified voter for purposes of signing a petition. Upon information and belief, and based upon the position of the defendants in a prior case in this court, at no time did the Richmond Electoral Board or the General Registrar of the City of Richmond bother to check such evidence even though it would have taken very little effort.

18. Korvel Mabry is a resident of the eighth district, a registered voter in the eighth district and a qualified voter for purposes of signing a petition under state law. He is listed as an active voter. As requested, he provided on the petition form the information demanded by state law. However, his signature has been disqualified on the grounds he failed to provide information not requested, but at all times going to be considered necessary by Defendants as a technical requirement for allowing her to exercise protected political rights. At all times, Defendants had within their sole possession – unavailable to Schintzius - sufficient evidence to determine if the Korvel Mabry signing the petition was indeed was indeed the Korvel Mabry listed on the state voter registration system as a qualified voter for purposes of signing a petition. Upon information and belief, and based upon the position of the defendants in a prior case in this court, at no time did the Richmond Electoral Board or the General Registrar of the City of Richmond bother to check such evidence even though it would have taken very little effort.

19. Phillip Ricks is a resident of the eighth district, a registered voter in the eighth district and a qualified voter for purposes of signing a petition under state law. He is listed as an active voter. As requested, he provided on the petition form the information demanded by state

law. However, his signature has been disqualified on the grounds his signature, his printed name, or his address, as written on the petition form, were illegible. However, self-evidentially, by his status as a Plaintiff, it is possible to a moral certainty to prove that Mr. Ricks did indeed sign the petition and this would have been clearly demonstrated to the General Registrar of the City of Richmond and the Richmond Electoral Board had they provided the constitutionally required due process reviewing hearing demanded by the due process clause of the 14th Amendment of the U.S. Constitution in this matter.

20.    Sharon Smith is a resident of the eighth district, a registered voter in the eighth district and a qualified voter for purposes of signing a petition under state law. She is listed as an active voter. As requested, she provided on the petition form the information demanded by state law. However, her signature has been disqualified on the grounds she failed to provide information not requested, but at all times going to be considered necessary by Defendants as a technical requirement for allowing her to exercise protected political rights. At all times, Defendants had within their sole possession – not available to Schintzius - sufficient evidence to determine if the Sharon Smith signing the petition was indeed the Sharon Smith listed on the state voter registration system as a qualified voter for purposes of signing a petition. Upon information and belief, and based upon the position of the defendants in a prior case in this court, at no time did the Richmond Electoral Board or the General Registrar of the City of Richmond bother to check such evidence even though it would have taken very little effort.

21.    Chevis Warren is a resident of the eighth district, a registered voter in the eighth district and a qualified voter for purposes of signing a petition under state law and regulation. He is listed as an active voter. As requested, he provided on the petition form the information demanded by state law. However, his signature has been disqualified on the grounds she failed to

provide information not requested, but at all times going to be considered necessary by Defendants as a technical requirement for allowing her to exercise protected political rights. At all times, Defendants had within their sole possession — not available to Schintzius - sufficient evidence to determine if the Chevis Warren signing the petition was indeed the Chevis Warren on the state voter registration system as a qualified voter for purposes of signing a petition. Upon information and belief, and based upon the position of the defendants in a prior case in this court, at no time did the Richmond Electoral Board or the General Registrar of the City of Richmond bother to check such evidence even though it would have taken very little effort.

22.　Collectively those challenging the disqualification of the signatures are referred to herein as the "Signatory Plaintiffs." All are listed in "active" status on the Virginia voter registration system.

23.　Defendant J. Kirk Showalter ("Registrar") is the General Registrar for the City of Richmond.　Showalter is responsible for the initial verification of petitions of candidates for office in Richmond and must submit the results of her verification to the Richmond Electoral Board.　Her decision to disqualify a signature were apparently accepted without any dissent by the members of the Richmond Electoral Board.

24.　The Richmond Electoral Board ("REB") is responsible for approving and removing the Registrar and for conducting elections. Va. Code § 24.2-109. The REB also is responsible for reviewing Registrar's performance. Va. Code. § 24.2-109.1. Furthermore, the REB is authorized to assign the Registrar such duties as may be required to insure that access to the ballot, along with protecting all attendant federal constitutional and other rights, are carried out. Va. Code § 24.2-114 (18).

25. Defendant C. Starlet Stevens is Chairman of the Richmond Electoral Board. Stevens is therefore charged with overseeing the actions, either by commission or omission, of the Registrar and those employed in that office, together with the other members of the REB. Stevens is sued in her official capacity.

26. Defendant Ophelia Daniels is Vice-Chairman of the Richmond Electoral Board. Daniels is charged with overseeing the actions, either by commission or omission, of the Registrar and those employed in that office, together with the other members of the REB. Daniels is sued in her official capacity.

27. Defendant Cecelia Dabney is Secretary of the Richmond Electoral Board. Dabney is charged with overseeing the actions, either by commission or omission, of the Registrar and those employed in that office, together with the other members of the REB. Dabney is sued in her official capacity.

28. The State Board of Elections ("SBE" or the "State Board") is the chief election authority in Virginia, and operating through the Department of Elections, is responsible for the administration of state laws affecting voting. It must assure that elections in the State are conducted in accordance with law. Va. Code § 24.2-102–103.

29. Among its duties, the State Board is charged as follows:

> The State Board, through the Department of Elections, shall *supervise and coordinate* the work of the county and city electoral boards and of the registrars to obtain uniformity in their practices and proceedings and legality and purity in all elections. It shall make rules and regulations and issue instructions and provide information consistent with the election laws to the electoral boards and registrars to promote the proper administration of election laws.

> Va. Code § 24.2-103(A) (emphasis added).

30. The SBE has its chief office is in Richmond, Virginia, and is composed of three members: Chairman, Vice-Chairman and Secretary.

31. For purposes of meeting the petition requirements, the definition of a qualified voter for purposes of having said individual's signature count toward the statutory requirement for a particular office is contained in Va. Code§ 24.2-101.

32. To implement state law, the SBE's publishes guidance documents for Registrars and local election boards. It is called the GREBook and it has a specific Chapter 10 entitled "Candidate and Referenda Processing" with sections addressing the qualification or disqualification of any particular signature. This SBE makes the GREbook available electronically and thus Chapter 10 can be found at https://voterinfo.sbe.virginia.gov/GREBHandbook/Docs/2015+Chapters/Chapter%2010%20Can didate%20and%20Referenda%20Processing.pdf.

33. Furthermore, the SBE has also promulgated regulations 1VAC 20-50-30 and 1VAC 20-60-20 addressing the counting of signatures and conducting the appeal process contained in Va. Code § 24.506(C).

34. Defendant James B. Alcorn is the Chairman of the SBE and is sued in his official capacity.

35. Defendant Clara Belle Wheeler is the Vice-Chairman of the SBE and is sued in her official capacity.

36. Defendant Singleton B. McAllister, Esq. is the Secretary of the SBE and is sued in his official capacity.

37. Defendant Edgardo Cortes is the Commissioner of the Department of Elections under the State Board of Elections. He is sued in his official capacity.

38.    Local registrars and electoral boards in the counties and cities of Virginia work in concert with – and under the supervision of – the SBE, operating through the Department of Elections to administer the election laws of the Commonwealth of Virginia.

## FACTS

### The Statutory Requirements for Qualification as Richmond Mayoral Candidate

39.    On April 15, 2004, what would later be published as Chapter 898 of the Session Laws of the 2004 Session of the General Assembly was signed into law by the Governor of Virginia. It amended the Richmond City Charter, creating for the first time a Mayor elected citywide by the voters since the end of segregation. The new law eliminated the old system were the City Council got to appoint the Mayor from among its members. The key aspects to the new law and most of the wording had been approved overwhelmingly by voters across the city in a 2003 referendum. In Virginia, all city charter changes must be made through laws enacted by the General Assembly.

40.    The new law, implementing the will of the people, allowed, indeed encouraged, any interested citizen to run for Mayor, not solely those on City Council or those backed by powerful special interests.

41.    To earn a place on the general election ballot, a candidate, besides complying with Chapter 5 of Title 24.2 of the Code of Virginia, must also "file with their declaration of candidacy a petition containing a minimum of 500 signatures of qualified voters of the city, to include at least 50 qualified voters from each of the nine election districts." Richmond City Charter § 3.01.1.

42.     Schintzius, an independent candidate for Mayor, spent weeks collecting the required signatures from across the city's 9 council districts. These petitions were submitted in accordance with the due date of June 14th, 2016. Va. Code § 24.507.

43.     In an email sent at 10:09 PM on June 21, the Registrar informed Schintzius "[w]e regret to inform you that, while 670 of the names submitted could be verified as qualified registered voters of the City of Richmond, you are also required to have at least 50 of these names in each of the nine council districts. Only 43 names could be verified as qualified registered voters of the City of Richmond in the 8th district. Therefore, you are disqualified." The email includes a notation saying it is being sent at the "request of the City of Richmond Electoral Board." This email constituted the required legal notice of disqualification for the general election ballot. (**Exhibit C**).

44.     The email included 5 attachments including references to SBE regulations. One is entitled **Helpful Hints To Persons Appealing Petition Signature Counts** ("Helpful Hints"). It also informed Schintzius that had only until 9:00 AM on June 27th to exercise his right under Va. Code § 24.506(C) to contest the disqualification from the ballot. The email also informed Schintzius a hearing on his disqualification, should he exercise this statutory right, would be held at 2:00PM on June 30th at the included location address.

45.     Upon information and belief, and consistent with the Defendants representation s in a 2012 suit litigated in Richmond Circuit Court, neither the Registrar nor the REB actually check, except in a rare circumstance, to determine whether the signature on the petition matches the signature on file with a voter by the same name claiming residence in a particular district. As Va. Code § 24.506A - applicable to the election of the Mayor of Richmond as indicated in City Charter provision § 3.01.1 - makes clear, the legal requirement for petition signatures for access

to the ballot as regards an any independent candidate for office is whether the candidate's petition has been "signed by the number of qualified voters [required by law]...and listing the residence address of each such voter."

46.    The registration forms and materials filed by all registered voters in Richmond containing the signatures of these citizens when they registered with the Registrar's office are in the sole possession of the Registrar, an appointee of the REB, and thus readily available to defendants at all times since the June 14th date when all of Schintzius petitions had been dutifully filed as required Va. Code § 24.507. These forms or any updates to such registration containing signatures of said registered voters are **not** available for review by a disqualified candidate such as Schintzius. Thus the Registrar, the principle person arguing for Schintzius' disqualification from the ballot at the June 30th, 2016 hearing on the matter, has access to this crucial, probative information. The REB, which can at all times direct the Registrar to produce such information for its review, thus has at all times ready access to the information. It would only require a de minimus amount of time for either the Registrar or REB to compare the signatures written by the Plaintiffs on the Schintzius petitions with the signatures on the registration forms and materials from the handful of Plaintiffs in this instant matter listed on the Virginia voter registration system as registered in the 8th district. This is especially true in the instant matter since several of the Plaintiffs had unique names on the Virginia voter registration system, unmatched by anyone else listing an 8th district **registration address.**

47.    Upon information and belief, the Registrar and REB, at all times, accept as true the **residence address** given by a petition signer of a candidate petition for the Office of Mayor of Richmond.

48. Accordingly, upon information and belief, Defendants would have automatically counted the signatures of Brown, Kinney, Mabry, Smith and Warren instead of disqualifying them - had these Plaintiff's written on the petition the **registration address** in the 8th district listed for their names on the Virginia voter registration system. .

49. However, the state mandated petition form demands, consistent with Va. Code § 24.506, signers provide their **"residence address." (Exhibit A)**.

50. According, as Defendants at all times demanded, Plaintiffs Brown, Kinney, Mabry, Smith and Warren [Plaintiff Ricks presented an different issue as discussed *ante*) answered honestly and provided their 8th district **residence address**.

51. However, as the Registrar conceded in her written notes provided to the REB at the June 30th hearing, the "registration address" on the Virginia voter registration list is the paramount one for determining whether to count or not count any signature as one from a qualified voter for purposes of determining to qualify or disqualify a candidate from the ballot. However, the state mandated petition form doesn't request this information even though at all times – as the Registrar concedes - Defendants know they determine whether to initially count or reject a signature by matching the name of the petition signer with the "registration address" for a voter with a comparable name listed on the Virginia voter registration system. **(Exhibit B)**. The state mandated petition form doesn't alert a signer that if his or her requested "residence address" is different than the "registration address", the citizen is very likely to have his or her signature disqualified – and thus greatly risk having their core political constitutional rights trampled upon on account of a de facto unknown technical requirement. It naturally fails to request such information or provide room to provide it.

52. Accordingly, it seems Defendants, well-aware of the "gotcha" provision in their petition form, have decided to claim the limited Va. Code § 24.506(C) hearing satisfies their due process petition failure, thus alleviating there having to take the de minimus steps needed to fix the problem.

53. Accordingly, they say nothing when honest and truthful citizens, like Brown, Kenney, Mabry, Smith and Warren provide the information requested believing they have now exercised cherished and highly protected core political rights. Had they instead, in violation of the instructions, written down their "registration address", upon information and belief, defendants would have accepted the "registration address" as the "residence address" and automatically counted their 5 signatures. This in turn would have given Schintzius more than the required number of such signatures from qualified voters in the 8th district to have a right to a spot on the ballot.

54. But Plaintiff's Brown, Kenney, Mabry, Smith, and Warren complied not only with the petition, but likewise Va. Code § 24.2-506(A) by providing their current residence address and lawful signature. Having complied with this seminal statute, Plaintiffs are aware of no state law preventing their signatures from being counted toward the 50 needed by Schintzius in the 8th district by REB.

55. Accordingly, under the color of state law, Defendants are denying the constitutional rights of Brown, Kenney, Mabry, Smith and Warren because they told the truth and put down their **residence address** when they would have gladly given their registration address or other information if requested.

56. As for Plaintiff Ricks, at all times he provided the information required by law. Moreover, his "residence address" matches the "registration address" connected to his name on

the Virginia voter registration system. Thus at all times Plaintiff Ricks was a qualified vote for purposes of signing the petition. The fact his signature, printed name and address were not deemed legible by the Registrar or REB – even though it self-evidentially has proven legible – doesn't alter this fact.

## LACK OF DUE PROCESS APPEAL KEPT SCHINTZIUS OFF BALLOT

57.    Schintzius as required used a petition form mandated by the state asking those signing to provide the requested information.

58.    The signer is asked to provide his or her signature and printed name, his or her "residence address" and the date signed (although if left out, election officials allow it to be inferred from the dates of other signers). Lastly the petition form has a final column, indicated as "[optional]", should the signer choose to provide the last 4 **"digits"** of his or her social security number. Refusal to provide this sensitive information is not supposed negatively impact your right to have your signature counted. (**Exhibit A**).

59.    Accordingly, a citizen, exercising core political speech, guaranteed by the 1st First Amendment to the U.S. Constitution, incorporated in the Due Process Clause of the 14th Amendment and thus applicable to the State of Virginia, is led by defendants to believe his or her current resident address – the plain meaning of the phrase "residence address" – is all that is necessary to ensure their signature will be counted. At no time, does the form inform citizens about the hidden de facto technical "gotcha" fine print of the state's electoral scheme.

60.    There is nothing on the form to indicate what the Registrar told the REB during the appeal hearing: namely that the registration address is the "address that must be used for purposes of the petition counting" in terms of qualifying or disqualifying signatures (**Exhibit B**).

61. Upon information and belief, we are aware of no legitimate state interest or compelling reason or failing to alert citizens to this "gotcha" situation, or otherwise provide room on the form or create a new form or provide an additional form for the predictable tens of thousands of Virginians who in our mobile society move during election cycles but don't update their registration information until Election Day looms.

62. Indeed, 1VAC20-50-20(E) acknowledges this self-evident fact of our modern society, namely that citizens move but often wait to update their registration address. (**Exhibit E**).

63. This regulation makes clear individuals such individuals must be counted when it is reasonable to believe the person signing is the same person listed on the Virginia voter registration system. Thus, even though the individual in question has self-evidentially moved, the signature is counted without trying to assess the "move" date, a factor that played an important role in the unreasonable and unconstitutional rejection of signatures leading to Schintzius disqualification from the ballot. .

64. If an individual moves out of their "registration" precinct but into a new precinct in the same 8th district – the situation for Brown, Kennedy, Mabry and Warren (Smith moved within the same precinct but the Registrar refused to count her signature for the most frivolous reason as discussed *ante*) the Registrar and REB impose a technical, baffling hurdle unknown to the voter and not found in the definition of "qualified voter" in Va. Code § 24.101.

65. Defendants thus at all times have known any number of voters will have moved from their old "registration address" address in the 8th district to a new "residence address" in the same 8th district without having yet changed their address since the Election Day is still months away. Yet Defendants are willing to penalize citizens in the exercise of protected constitutional

rights for not yet updating the "registration address" on the Virginia voter registration system even though they are qualified voters for purposes of signing a candidate's petition pursuant to Va. Code § 24.2-101.

66. Indeed, because this situation repeats itself countless times across the Commonwealth, GREBook § 10.2.5.9 require a Registrar to reach out to a registered and otherwise qualified voter when it appears from information provided on a petition form he or she may have moved from their registration address. The "registrar *must initiate* a confirmation mailing" in many instances. [Emphasis added.] Accordingly, the SBE not only concedes qualified voters regularly don't immediately update registration information but it insists local Registrars act pro-actively in helping them update this information since the exercise of protected constitutional rights should never be blocked by such technical regulations. (**SBE website link in *paragraph 32 supra***).

67. Moreover, Antwanette Brown, Annquinnette Kenney, Korvel Mabry and Chevis Warren among others are unique names on the Virginia voter registration system listing an 8th district address. Once the Registrar and/or the REB realized disqualifying their signatures might fatally compromise the exercise of the highly protected core political speech and associational rights of the signers of Schintzius petitions, there is no legitimate state interest for government officials acting under the color of state law to wipe out these rights when a de minimum effort to check the signatures in their registration forms and materials in the sole possession of the Registrar and readily available to the REB would likely determine whether the signatures were from the same person. If the signatures match, Va. Code § 24.2-506(A), in combination Va. Code § 24.2-101, say they are to be counted.

68. Upon information and belief, other signatures of qualified voters in the 8th district similarly situated as Plaintiffs Brown, Kenney, Mabry and Warren have likewise been unreasonably and unconstitutionally disqualified.

69. Upon information and belief, had the REB provided the due process review required by the U.S. Constitution and state law, they would have found Schintzius had submitted the required number of 50 signatures from qualified voters in the 8th district. .

70. Despite this knowledge, at all times determinable by government officials acting under the color of state law from the June 14th due date for petition filing, Defendants instead acted in an arbitrary and capricious fashion, leading to a demonstrable unreasonable and unconstitutional rejection of Plaintiff's signatures among others thereby denying Schintzius his right to be listed on the ballot.

71. As indicated in paragraph 43 *supra,* late on the night of June 21th Schintzius learned he had been disqualified on the ground he lacked the sufficient number of signatures of qualified voters in the 8th district. **(Exhibit C)**

72. This late night email also told Schintzius that should "you wish to appeal your disqualification you must present written evidence that rejected signatures were those of qualified registered voters of the City of Richmond" in the 8th district. "This evidence must be filed in the Office of the Electoral Board for the City of Richmond no later than 9:00 AM, Monday, June 27th, 2016."

73. As previously indicated in *paragraph* 44 *supra,* the email additionally advised Schintzius that the "City of Richmond Electoral Board will meet on Thursday, June 30, 2016, at 2:00 PM to review any appeal filed by the specified deadline."

74. As previously indicated in paragraph 45 supra, the email included 5 different attachments. One was an electronic copy of the petitions. (Exhibit A) is the actual, paper copies. Another enclosure provided an explanation to the codes appearing on the petitions indicating the Registrar's office initial review. (**Exhibit G**).

75. A copy of 1VAC-20-50-20. (**Exhibit E**).

76. A copy of VAC-20-50-30. (**Exhibit F**).

77. The aforementioned "Helpful Hints" document (**Exhibit D**) says "[n]either the State Board of Elections or the Code of Virginia provide written instructions as to what constitutes written evidence that must be accepted in the petition appeals process beyond that found in regulation 1VAC20-50-30."

78. The term "written evidence" doesn't appear in 1VAC20-50-30.

79. However, 1VAC20-50-30(G) does say a candidate "must submit a list...and the specific reason for each signature's reconsideration at least two business days prior to the date on which the appeal will be heard." 1VAC20-50-30(B) says any "communication...required in this section shall be made in writing."

80. 1VAC20-50-30(G) (2-4) refers to certain "documents or affidavits" a candidate "may" submit. However, none these regulatory provisions says such "documents or affidavits" – self-evidently evidence - must be submitted at least two business days prior to the date on which the appeal will be heard or they will be automatically rejected. .

81. Moreover, 1VAC20-50-30 doesn't say evidence, oral or written, cannot be presented at the hearing.

82. The term "written evidence" doesn't appear in Va. Code § 24.2-506(C) the state statute creating the exercisable right for a candidate to appeal a disqualification from the ballot

on count of having allegedly failed to submit a sufficient number of signatures of qualified voters. The statute only says the SBE will "develop procedures for the conduct" of the appeal consistent with the law.

83.     Va. Code § 24.2-506(C) further states the "consideration on appeal shall be limited to whether or not the signatures on the petitions that were filed were reasonably rejected according to the requirements of this title and the uniform standards approved by the State Board for review of petitions." There is no mention in the law about limiting the type of evidence that may be considered at the hearing, much less any language remotely suggesting such appeal shall only consider written evidence submitted at least two business day prior to the hearing date on the signatures likewise submitted at that time.   This is particularly troublesome since the state is placing the burden of proof on the candidate at the hearing.

84.     1VAC20-50-30(G)(1) might be justified as establishing a threshold to determine if a hearing should a held based on the mathematical possibility of a candidate overturning a disqualification due to a lack of sufficient signatures. Self-evidentially, if a candidate doesn't allege there were enough disqualified signatures to make the ballot should such disqualifications be reversed, it would be pointless to hold the hearing. In this light, the regulation is understandable:

"The candidate must submit a list containing the rejected signatures to be reviewed and the specific reason for each signature's reconsideration at least two business days prior to the date on which the appeal will be heard. *If the candidate submits no such list or submits a list that contains an insufficient number of names and reconsideration reasons to make up the number of signatures by which the candidate was deemed deficient, no appeal shall be*

*held and the initial determination that the candidate did not qualify for the ballot will be final.*"
(Emphasis added).

85.     But once this threshold has been met, there is no legitimate state interest in prohibiting a candidate from pointing out additional mistakenly disqualified signatures coming to his or her attention between an arbitrary filing deadline and hearing, in this case the morning of June 27th and the afternoon of June 30th. This is especially true since Defendants know that it takes considerable effort to find such petition signers since individuals work, go out of town, and have busy schedules. Moreover, the state law says the hearing is to determine whether the disqualified signatures have been "reasonably rejected." It doesn't contain an evidentiary cut-off time, nor could it because it is per se unreasonable for the REB to refuse to consider evidence it reasonable knows is probative to the determination. Va. Code § 24.2-506(C).

86.     Moreover, defendants at all times knew this is particularly true since the Registrar and REB were requiring "written evidence" with an "affirmation." (**Exhibit D**).

87.     But there is no such "affirmation" requirement in 1VAC20-50-30.

88.     Nonetheless, despite the law, the regulations and their knowledge of election matters, the email from the Registrar on June 21, 2016 declared that if Schintzius did choose to appeal, the demanded written evidence with affirmation and formal appeal notification would need to be filed together no later than 9:00AM on June 27[st], 2016.

89.     The email gave no reason for setting this arbitrary and capricious deadline. Upon information and believe, the Registrar among others, were slated to attend a mandatory annual training session put on by the SBE beginning Tuesday, June 28th and ending around noon on

June 30th. This may of course be all mere coincidence. But state law gave additional time to conduct a hearing fair to the candidate, not compromised perhaps by internal bureaucratic need.

90.     In this connection, Va. Code § 24.2-506(C) plainly says Schintzius, having been disqualified, "may appeal that determination within five calendar days of the issuance of the notice of disqualification."

91.     Therefore Schintzius had the right to collect evidence for submission for the full five calendar days in preparation for filing the notice of appeal at the end of this period.

92.     According to Va. Code § 1-210, "the day on which the event or judgment occurred shall not be counted against the time allotted" when the "act to be performed subsequent to the event or judgment" must occur within a "prescribed amount of time." Weekends or state holidays likewise don't count toward the 5 calendar days.

93.     Defendants sent their notice of disqualification at 10:09PM. Thus evidentially they believe the "day" referenced in the statute runs until 11:59PM on June 21st, Therefore by their calculation the 5 day period in Va. Code § 24.1-506(C), started to run on June 22rd.

94.     Since June 25th is a Saturday, and June 26th is a Sunday, the 5 day period ran until 11:59PM on Monday, June 27th, 2016. Schintzius, therefore had until this time to decide whether or not appeal and provide the required notice along with any of the written evidence demanded.

95.     Therefore, using the defendants own math, requiring Schintzius to submit his appeal by 9:00M AM, June 27th 2016, along with the demanded "written evidence" with "affirmations", denied his due process rights in several aspects, including most importantly significantly reducing the short time allowed by statute to collect the evidence needed to carry the burden of proof imposed on him. 1VAC2050-30(G).

96.    Defendants can't have it both ways: create a limited right of appeal [only signatures could be challenged, not the obvious due process and statutory failings appeal scheme), which only provides a few days to gather written evidence from voters, further make him carry the burden of proof; and then arbitrarily and capriciously eradicate significant amounts of precious evidence gathering time along with curious interpretations of state regulations.

97.    In that connection, SBE regulation 1VAC20-50-30(F) says the "proper body *to which the appeal notice was given* shall establish the time and place where the appeal will be heard and convey this information immediately to the candidate." The process therefore outlined in the SBE regulation plainly says the (1) the candidate first files a notice saying he or she exercises the statutory right to a due process appeal and then (2) the REB sets the date for the appeal hearing. In the instant matter the REB reversed the process, and in so doing, took away *additional* precious time needed to collect the evidence they were demanding.

98.    Unlike the calendar day equation used to set the parameter for filing a hearing Va. Code § 24.2-506(C), the SBE regulation 1VAC20-50-30G (1) uses "business days" for a key provision.

99.    Accordingly the REB short-circuited Schintzius' due process time even more than initially realized. Had Schintzius been given the time provided by state law to gather evidence for submission with his notice of appeal – right up midnight on June 27th - the REB would not have been able to meet until the next business day of June 28th – the June 27th business day ended at 5:00PM when the offices of the Registrar closed – to set the hearing date, This in turn would have required the REB to set the hearing date on Friday, July 1 in order to comply with the requirements of 1VAC20-50-30(G)(1). The calculation is straightforward.    This statutory provision clearly says the "candidate must submit" certain material "at least two

business days prior to the date on which the appeal will be heard." It of course would be impossible to require Schintzius to submit such material before a hearing date had been set. Va. Code § 1-210 says the day of the REB meeting – June 28th - would not count toward calculating the two business days. Thus, in order to be in compliance with the regulation, the REB could not have held the appeal hearing earlier than July 1, thus providing the two business day time line window. Indeed, telling Schinztius on June 28th that he had to such written evidence submitted by close of business on June 28th is suspect. Thus, with the July 4th weekend coming, it is not unreasonable to conclude the hearing – in order to give fair notice to Schintzius to get his written evidence ready for submission – would have needed to be set for July 5th, a date permissible under the statute. In that scenario, the REB cost Schintzius more than half of this evidence gathering time.

100.    Therefore, at a minimum, the actions of Defendants denied Schintzius most of June 27th and the entire business day of June 28th to collect the evidence demanded by government officials to demonstrate the wrongfulness of their actions. Given the truncated time permitted by law to gather such evidence, the REB actions amount, on a mathematical basis, to a severe and arbitrary reduction in his due process evidence gathering time.

101.    On Thursday, June 30th, at the 2:00 PM Schintzius attended a meeting where the REB decided his appeal.

102.    The Chair of the REB officiated. The other members of the REB were in attendance. The Registrar likewise attended and presented her findings. Upon information and belief, no attorney advising either the Registrar or the REB attend the meeting. Upon information and belief, at no time during the hearing did the Registrar or the REB indicate they had decided to take any action only after discussing said action with an attorney.

103.    Schintzius attended this meeting but was not allowed to present any additional evidence, written or oral, relating to any of the disqualified signatures. At some point during the hearing, Schintzius was permitted to briefly speak to his previously submitted evidence, not to any other evidence and not any potential constitutional or legal flaws in the process.

104.    The Registrar submitted a document summarizing her position on various signatures. REB members followed her recommendations. (**Exhibit B**).

105.    Upon information and belief, the REB members did not make an independent analysis of the evidence in possession of the Registrar including the registration forms and other materials containing the signatures of disqualified registered voters in the Registrar's sole possession – unavailable to Schintzius - and thus readily available to the REB at all times. The REB members, as experts in election matters, knew or should have known such registration forms and materials would likely allow them to match the signatures of the Plaintiffs on the petition form with those in the Registrar's registration files. Thus they knew or should have known such information, in the sole possession of the government, indeed the very government official who for all intents and purposes was the lead force behind disqualifying Schintzius from the ballot and arguing again for his disqualification at the hearing, likely could determine the wrongfulness of the Registrar's actions denying Schintzius the place he had earned on the ballot.

106.    Va. Code § 24.2.-506(C) says the "*consideration on appeal shall be limited to whether or not the signatures* on the petitions that were filed were reasonably rejected according to the requirements of this title and the uniform standards approved by the State Board for the review of petitions." [Emphasis added].

107.    Schintzius therefore was precluded by state law from raising the constitutional and other issues contained in this complaint. According, in that regard, Plaintiff's is not

appealing any decision made by the Defendants in these matters since Defendants have not made any determinations on constitutional or other matters at issue to appeal. Such matters were off-limits at the hearing.

108.    Schintzius did ask the REB to grant an extension of time so that due consideration could be made to get the right decision. But the REB refused.

109.    Upon information and belief, the REB response to Schintzius must be understood as saying they lacked the authority to grant an extension for any reason.

110.    The arbitrary and capricious nature of the appeal hearing and the lack of due process is usefully illustrated by the fact the REB refused to allow Schintzius to point out the page and line number for the signature of Plaintiff Sharon Smith. In his submission on June 27th, Schintzius had inadvertently left off this information. The REB refused to give him the few seconds needed to point out where her signature appeared on the petition. At the insistence of the Registrar, the REB rejected Smith's signature, adopting in effect the Registrar's written position that "the appellant failed to identify the page and line number that the voter signed. It is recommended that the signature not be accepted unless it can be verified that this individual actually signed the petition." (**Exhibit B**).

111.    Had Schintzius not inadvertently left off the page and line number on his June 27th submission, the signature of Ms. Smith would have been counted.

112.    More importantly, the REB made no effort to try and verify her signature from the evidence already in their possession, indeed the sole possession of their employee, the Registrar: the registration forms and materials of Plaintiff Smith.

113.    Making the denial of due process even worse, the two addresses at issue as regards Ms. Smith – the "residence address" on the Petition and the "registration address" on the

Virginia voter registration system – were both in the same 8th district precinct, SBE regulation 1VAC20-50-20 clearly states that if the signer provides two addresses within the same precinct, she should be counted if the "signer can be reasonably identified as the same registered voter." But the REB focused inside on a minor technical matter.

114.   The subject of the page and line number is discussed in the attachment to the June 21st email. But there is nothing in this document indicating that this information can't be provided at the hearing if it is inadvertently or otherwise not included in the June 27th submission. Moreover, there is no possible legitimate state interest, much less common sense, supporting the actions of the REB in this particular instance.

115.   Additionally there is nothing in the attachments to the June 21st email indicating that no written or oral evidence will be allowed at the hearing, thus limiting the evidence to the June 27th submission. Moreover, there is no possible legitimate state interest, much less common sense, to justify such a position given the constitutional rights at issue and the requirements of the hearing. As the SBE regulation 1VAC20-50-30 makes plain, the state views the appeal process as placing the full burden of proof on Schintzius, they take no responsibility at all in getting any information. However, if that is their curious policy, then the REB can't at the same time refuse to allow Schintzius to see crucial, probative information in the sole possession of the Registrar or at least claim to have decided the signatures were not "reasonably rejected" by intentionally keeping themselves in the dark about probative, crucial evidence likely to be dispositive.

116.   At the June 30 hearing, the REB, upon the recommendation of the Registrar, agreed to count three previously disqualified signatures of qualified voters based on evidence previously provided by Schintzius on June 27th. All three had provided a resident address on the

petition form differing from their respective registration address listed on in the Virginia voter registration system.

117. The Registrar recommended these three be counted because the evidence submitted satisfied a "move" date requirement imposed by the Registrar and REB not found in state law or regulation for purposes of having a signature counted on a candidate's petition. Va. Code § 24.2-101, and 506(A) have no "move" date reference. But the "Helpful Hints" document as previously stated has such a reference to this imposition of a technical factor. (**Exhibit D**). However this technical factor, unknown to the citizen isn't spelled in specific detail. The document starts of by saying in "order to be counted on a petition, the voter must be a qualified voter (§ 24.2- 521 of the Code of Virginia)."

118. However, Va. Code § 24.2- 5121 DOESN'T APPLY to a Richmond's Mayor's race. This should be clear since the statute starts by saying "[a] candidate for nomination by primary for every office shall be required to file" listing the signature requirements for getting on the primary ballot. Therefore, given the sparse information in the "Helpful Hints" document and the citation to the wrong statute, Plaintiffs remain at a loss as to the use of a "move" date requirement to disqualify Plaints Brown, Kenney, Mabry, Warren and others. .

119. Upon information and belief, the Registrar and REB were trying to impose a "move" date requirement found in Va. Code § 24.2- 401 relating to who "is qualified to vote" after moving his "residence from one precinct to another" but has not updated the registration address on the state voter list.

120. However, Chapter 684 of the Sessions Laws of the 2013 Session of the General Assembly added new language to the statutory definition of a qualified by saying for "purposes of determining if a signature on a petition shall be included in the count toward meeting the

signature requirements of any petition", 'qualified voter' shall include only persons maintained on the Virginia voter registration system with (a) 'active' status..." Plaintiffs satisfied these requirements.

121.    Plaintiffs likewise satisfy the pre-existing other parts which require being "(i) 18 years of age...(ii) a resident of the Commonwealth and of the precinct in which he offers to vote, and (iii) a registered voter." Self-evidentially, signing a petition isn't voting. But *ipso facto*, the Defendants never claimed Plaintiffs weren't residents of the precinct listed on the petition forms since they accepted the fact all had given their residence address. Thus, for "purposes" of signing a petition, all the Plaintiffs, as stated above, were active, qualified voters on the Virginia voter registration list for purposes of being counted in the 8th district, signing the petitions and giving their "residence address" as required by law.

122.    The REB, upon the recommendation of the Registrar refused to change the Registrar's disqualification decision as regards any other signature. Since according to 1VAC 20-50-30(G) (1), the "candidate bears the burden of proof in establishing that a sufficient number of signatures of qualified voters were timely provided" it must be presumed the REB found Schintzius had not carried the burden. Therefore they disqualified Schintzius from the ballot.

### WRONGFULLY DISQUALIFED SIGNTURES AT THE HEARING

123.    Following the recommendation of the Registrar, the REB backed her continued refusal to count the signature of Sharon Smith ("Smith"), such wrongful denial discussed in *paragraphs* 110-113 *supra*. Smith had signed the petition listing her address as 2016 Dinwiddie. Her signature is found at page 39, line 5 of the petitions. There is a Sharon Smith registered at that 1701 Fairfax. The Registrar's office rejected the signature on the grounds they couldn't identify whether the Sharon Smith registered at Fairfax was the same person signing the petition

as Sharon Smith residing at Dinwiddie. Upon information and belief, the Registrar's staff never compared the signatures readily available for such comparison.

124. The written evidence provided by Schintzius, including her social security number and date of birth, would lead any reasonable person to conclude the Sharon Smith registered at the Fairfax address was in fact the same Sharon Smith residing at the Dinwiddie address listed on the petition. But the Registrar used a technical objection to recommend disqualifying her signature, saying Mr. Schintzius "failed [in his June 27th written submission] to identify the page and line number that the voter signed. *It is recommended that this signature not be accepted unless it can be verified that this individual actually signed the petition.*" (Emphasis added.) (Exhibit B).

125. At all times, Schintzius remained in attendance at the hearing ready to show where Smith had signed the petitions submitted. Defendants refused to let him.

126. At all times, from the June 21st date the Registrar officially first disqualified Smith's signature, defendants had ready access to information solely in their possession allowing them to compare the signature on the petition with the signature or signatures in Smith's registration forms and materials when apply to be a Richmond voter.

127. Upon the recommendation of the Registrar, the REB refused to overrule the Registrar's original decision not to count the signature of Annquinnette Kennedy. She signed the petition listing 1700 Edwards in the 8th district as her resident address but the registration address on the Virginia voter registration system listed 3085 Decatur.

128. The written evidence submitted by Schintzius, including her social security number and date of birth, would have led any reasonable person to conclude the Annquinnette

Kenney listed at the 3085 Decatur address was the same Annquinnette Kenney who signed the petition listing the 1700 Edwards.

129.　Indeed the Registrar didn't dispute the evidence provided by Schintzius, saying her written notes that the "information provided included the last four digits of the social security number, which allowed us to identify the voter as a registered voter." Ms. Kenney had not included her social number when filling out the petition since it isn't required. (**Exhibit B**).

130.　But the Registrar recommended against counting Ms. Kenney's signature on the ground "the information necessary to determine whether or not the voter is qualified – the date moved from the voter registration address – was not provided." Schintzius knew Ms. Kenney (and her daughter Plaintiff Antwanette Brown discussed *ante*) had recently moved from the Decatur address to the Edwards address but this information was inadvertently not included in the written evidence submitted on June 27th. Since neither state law nor state SBE regulation prohibits submitting such information at the hearing in order to ensure the REB has all the relevant information available, Schintzius assumed he could provide such information at the hearing. But the REB refused to allow such additional information.

131.　As indicated in the Registrar's written notes, the Registrar admitted the Ms. Kenney signing the petition was the same Ms. Kenney on the Virginia voter registration system. Registrar didn't dispute the fact Ms. Kenney had a resident address in the 8th district.

132.　However, the Registrar claimed there wasn't sufficient evidence to satisfy the "move" date requirement referenced in the Registrar's written notes for purposes of determining "whether or not the voter is qualified – the date moved from the voter registration address – was not provided." (**Exhibit B**).

133. As previously indicated, there is no such reference to a "move" date Va. Code § 24.2-101 as regards those "qualified voters" whose signatures must be counted. Moreover, the City Charter of Richmond, §3.01.1 says there must be "at least 50 qualified voters from each of the nine election districts of the city." It further references Va. Code § 24.2-506(A) which only says the signers must be "qualified voters...listing the residence address." Ms. Kenney met all these qualifications as the Registrar conceded.

134. But assuming, *arguendo*, there is a move date requirement, the Registrar and the Board were at all times in possession of information showing that Ms. Kinney had seemingly met this parameter being imposed by Defendants. At all times, the Registrar and REB had access to Ms. Kenney's voter information.

135. Had Defendants taken the de minimus effort to check the evidence in their possession, they would have learned Ms. Kenney had voted in the 2012 federal election, the most recent state general election (2015), and the 2016 Democratic presidential primary at the Decatur address.

136. In order to have voted, Ms. Kenney would have been required to present sufficient evidence to election officials at the polls demonstrating her right to vote in the Eighth district in the precinct of her registration address.

137. Having voted in the last 2012 federal election and the last 2015 general election, not to mention the March, 2016 Democratic primary, it is unreasonable as a matter of law for the Registrar and REB to have concluded see didn't satisfy their "move" date requirement seemingly referenced from Va. Code § 24.2- 401.

138. Indeed the unreasonableness, the arbitrary and capricious nature of the actions by those under the color of state law denying highly protected constitutional rights is clearly

illustrated by considering Plaintiff Kenney and Plaintiff Antwanette Brown together. They are mother and daughter. Upon information and belief, the Registrar and REB should have been on notice the two were in some way connected given they were both registered at 3085 Decatur on the Virginia voter registration system and signed the petition listing a 1700 Edwards address.

139. Annquinnette Kenney and Antwanette Brown are unique names, not surprisingly the only such names listed in the Virginia voter registration system as registered in the 8th council district.

140. Kenny's signature is on Page 48, Line 14 and Brown's is on Page 48, line 16. Thus, when the Registrar's office checked the petition page in determining qualified signatures, they would have likely been reviewed in almost seriatim fashion, finding almost back to back two people registered at 3085 Decatur with unique names having put 1700 Edwards as the resident address on the petition.

141. At the hearing, Registrar acknowledged Schintzius had submitted written information which the Registrar said "included the last four digits of [Brown's social security] number which allowed us to identify the voter as a registered voter."

142. But even now – with both the circumstances of Kenney and Brown clearly before the Registrar and the REB – with only a handful of signatures to be reviewed – the Registrar, despite conceding Plaintiff Brown was a qualified voter with a residence address in the 8th district, said Schintzius had not submitted "information necessary to determine whether or not the voter is qualified – the date moved from the voter registration address – was not provided."

143. The REB rubber-stamped the Registrar's recommendation to disqualify the signature without checking the registration forms and materials in the Registrar's sole possession and thus readily available to the REB at all times to compare signatures.

144.    Yet in some ways even more capricious and unreasonable is the fact that at all times, for Brown as with Kenney, the REB had ready access, as did its appointee the Registrar, to the voter history of both citizens.

145.    Thus, assuming *arguendo* the Registrar's "move" date parameter requires consideration, a review of evidence at all times in possession of the Registrar and REB – Brown's voter history – shows Brown voted in the 2012, 2013, 2014 and 2015 general election at the Decatur address. .

146.    Moreover, this evidence shows Brown was barely more than 18 years of age when first registering to the vote at the Decatur address in time to cast a ballot in the 2012 federal election.

147.    By any standard of reasonableness, it is beyond any doubt that Ms. Brown would have been living at the 3085 Decatur address at the time she voted in the 2012 federal election. She has been a regular voter in every general election having to verify her right to vote at that address before an election officer in all of those years.

148.    Accordingly by whatever "move" date parameter is being used by defendants, Brown would satisfy the same. This is seemingly shown by the fact the Registrar said a Ms. Latetia Mosby had satisfied the "move" date. The Registrar originally disqualified Ms. Mosby since the residence address on the petition didn't match the voter's registration address on the Virginia voter registration system. But at the hearing, the Registrar said the information Schintzius provided showed Mosby had moved back in July 2013. This caused the Registrar to recommend the REB count her signature. While the Registrar's notes don't explain precisely the reason for this reversal, it would appear to be based on the fact Ms. Mosby voted in 2012 federal election at the registration address. This then satisfied the Registrar's interpretation of Va. Code

§ 24.2- 401 as to the time period when someone could still vote at their old 8th district address after having moved but not having registered somewhere else. (**Exhibit D**).

149.     Since it is clear beyond any reasonable doubt that Ms. Brown lived at the Decatur address when voting from that address in the same 2012 address, it would seem she would likewise satisfy the Registrar's "move" date requirement based on the Mosby analysis. Indeed Brown, unlike Mosby, is a regular voter who showed proof of her registration address to an election official in the last four general elections as a pre-condition to being allowed to vote.

150.     By logical deduction therefore, it is beyond any reasonable doubt that Kenney likewise lived at the time of the 2012 federal election with her daughter at 3085 Decatur. Kenney voted in 2015 and again only few months ago in the Democratic primary, thus being required to show proof of her right to vote at the Decatur address to an election official as a pre-condition to being to cast a ballot.

151.     Again, using the Mosby comparison, at all times defendants had in their possession evidence to show Brown and Kenney and satisfied, by any standard of reasonableness, whatever "move" date criteria the Registrar insisted on imposing with the concurrence of the REB.   Kennedy and Brown are active voters for purposes of Va. Code § 24.2-101 definition of a qualified voters for purposes of signing a petition.

## OTHER WRONGLY DISQUALIFED SIGNATURES COULD BE SHOWN

152.     Had Schintzius not been unconstitutional denied the process as required by the U.S. Constitution and the REB provided even the limited hearing in state law, the following signatures of qualified voters were submitted by the June 14th due date.

153.     Plaintiff Phillip Ricks signed the petition on page 23B, Line 8.

154. As required by the state-mandated petition form, Ricks provided his signature, printed his name below the signature and provided his Richmond residence address. This address, 4101 Woody Ct. is in the Eighth District and it is also his the registration address listed for him in the Virginia voter registration system. He is listed as an active voter. The Registrar and REB disqualified his signature on the grounds of illegibility, unable presumably to read any information on the petition leading them to Ricks as the signer. .

155. Self-evidentially, Mr. Schintzius has identified the signature as being from Plaintiff Ricks, the same person listed at the 4101 Woody Ct. address on the Virginia voter registration system.

156. SBE state regulation 1VAC 20-50-30(G) (4) doesn't indicate Schintzius would need a written affirmation from Ricks to prevail in a challenge to his signature being disqualified.

157. But the "Helpful Hints" document tell Schinztius not to bother challenging Ricks' signer without it. It plainly warned Schintzius that while "the Electoral Board does not require notarized or witnessed documents....the written proof *should include an affirmation statement by the voter...*" (Emphasis added). (Exhibit D).

158. In order to get such "affirmation", Schintzius would need to personally meet with the voter whose signature is at issue. This isn't always possible in the short time granted to collect signatures as defendants, being experts in such matters, understand.

159. Accordingly, the Registrar and REB acted capriciously, denying Schintzius the time given by statute and thus violated due process, by arbitrarily reducing the time a disqualified candidate has to gather the evidence needed to carry the burden of proof at the hearing, and in laying down a evidentiary demand not in SBE regulation.

160.    If Mr. Ricks couldn't be found by the Sunday evening, June 26th, the Registrar and REB made it plain that challenging their decision disqualifying the Ricks signature would be pointless since a mere "document" from Mr. Schintzius would not suffice, an "affidavit" with the required "affirmation" would be required.

161.    There is no possible legitimate state interest in denying a candidate the evidence gathering time provided by statute, indeed denying a candidate from being able to pointing out the identify of someone like Mr. Ricks no matter when the Registrar's wrongful disqualification became known *prior* to the hearing date. This may be a reason Va. Code § 24.2- 506(C) doesn't limit allowing Schintzius, the party with the burden of proof,  to present probative evidence at the hearing that proves a government official's denying the rightful exercise of a citizen's constitutional rights. The statute provides a short time between the notice of disqualification and the hearing date even though the ballot isn't finalized until early September, thus several months away. There is no legitimate state interest or compelling reason to short-circuit the already short time given a disqualified candidate to carry his evidentiary burden of proof.

162.    It is not unreasonable to put the burden on a candidate to decipher the identity of an illegible signature as done by 1VAC20-50-30.

163.    But having done so, it is unreasonable and unconstitutional to make it as hard as possible for the person with the burden of proof to show the identity of the citizen, in terms of presenting evidence and taking away time given by law to collect such evidence. At all times, Plaintiff Ricks was properly exercising his core political speech rights and while his signature is illegible, the address on the petition is legible. It would have been clear that Rick's was the person who had signed if petition should Schintzius be given the required due process review.

164. Since at all times Plaintiff Ricks appropriately signed the petition as required by law, and likewise met all the requirements for purposes of signing a petition as an 8th district qualified voter, it was unreasonable, arbitrary and capricious, moreover in violation of due process, for the state to refuse to allow the presentation of probative, indeed dispositive proof of such an issue at a hearing by the party having the burden of proof.

165. Chevis Warren signed the petition at page 52B, Line 21. He has a registration address at 1835 Keswick Ave on the Virginia voter registration system. But he put his residence address at 1401 Grey Stone on the petition. Both addresses are in the 8th district. He is listed as an active voter. His signature therefore qualified under state law for petition purposes and should have been counted, not rejected.

166. Moreover, the Registrar and REB had within their sole possession, evidence demonstrating that a Chevis Warren had voted in the 2012 and 2013 general elections at this address. By state law, he needed to present sufficient identification showing the election official he was the same Chevis Warren registered at the address on the state voter file.

167. At all times, the Registrar had sole possession of his registration forms and materials, containing his signature. The REB at all times had ready access to this material.

168. Chevis Warren is a unique name, it is not duplicated on the Virginia voter registration system for someone with a registration address in the 8th district. It would have taken a de minimus effort to compare the signature on the petition with the one in possession of the Registrar and REB. Upon information and belief, neither the Registrar nor the REB did the de minimus effort necessary to check evidence, solely in their possession, to see whether the signature of Chevis Warren on the petition matched the only Chevis Warren claiming to be registered in the 8th district.

169.    He satisfied the law for being a qualified voter for purposes of signing a petition.

170.    However, due to the difference in the "registration address" and the "residence address", the Registrar disqualified Warren's signature.

171.    Upon information and belief, neither the Registrar nor the REB ever bothered to compare his petition signature to the signature of on the registration forms and materials of the only Chevis Warren on the Virginia voter registration system with an associated 8th district registration address.

172.    Assuming, *arguendo*, the existence of the Registrar's "move" date requirement, at all times the Registrar and REB had ready access to his voting history. As previously indicated, he voted in the 2012 presidential election and the 2013 gubernatorial election. By any reasonable analysis, this would seem to satisfy whatever "move" date interpretation of Va. Code § 24.2-401 the defendants might have made.

173.    Korvel Mabry signed the petition at page 53BA, line 15. He has a registration address at 3411 Chalfont on the Virginia voter registration system. But he put his current residence address at 3869 Guilder on the petition. Both addresses are in the 8th district. He voted at this address in the 2012, 2013 and 2014 general elections.

174.    Korvel Mabry is a unique name on the voter list. He is listed as an active voter.

175.    Therefore, as regards Korvel Mabry, we herein incorporate the discussion previously provided for Chevis Warren in *paragraphs* 165-172 above since the issues are similar and derived from the same policies implemented by defendants under the color of state law.

**Defendants Reasons for Rejecting the Signatures Are Flawed**

176. Article II, § 1 of the Constitution of Virginia, provides only specific, limited requirements *for voting* in Virginia. These are carried into Va. Code § 24.2-101.

177. Signing a petition is not an act of voting, but self-evidentially related to voting in that the signatures are needed to get on the official ballot. Upon information and belief, no person in the history of the Commonwealth has won a major office such as mayor of a leading Virginia City without access to the official ballot. Accordingly denial of such ballot access doesn't merely chill, it effectively destroys the constitutional rights of the signers to associate together and have their choice appear on the ballot, along with the ability of the candidate to win.

178. Article II, Section § 1 of the Constitution of Virginia further says the "residence requirements shall be that each voter shall be a resident of the Commonwealth and of the precinct where he votes. "

179. Realizing that individuals in our mobile society regularly move between elections, Article II, Section § 1 of the Constitution of Virginia further says the "General Assembly *may* provide for persons who are qualified to vote except for having moved their residence from one precinct to another within the Commonwealth to continue to vote in a former precinct subject to conditions and time limits defined by law."

180. Pursuant to its Constitutional authority, the General Assembly has enacted the ballot. Va. Code § 24-506(A) covering the requirements of petitions of independent candidates seeking office.

181. Virginia Code § 24.2-428 makes clear that when a General Registrar encounters the signature of a registered voter on a petition with a new address, the proper response is not to invalidate the signature, but to try and assure the voter records do not create a situation where the

citizen's political rights are unreasonably violated. *See* 1974-75 Op. Atty Gen. Va. 159 (Sept. 18, 1974).

182.    GREBook § 10.2.5.9 instructs the local Registrar to send out a mailing to confirm information on a petition indicating a voter may have changed his or her residence address.

183.    Accordingly there is a recognition that in our mobile society, Virginia election officials have a duty to protect core political rights of individual. The right of petition is one of them, recognized not only in the U.S. Constitution but also in Article 1, Section § 12 of the Constitution of Virginia.

184.    At all times, defendants knew the required petition forms misled qualified voters into believing they could exercise their petition rights by providing the requested residence address. However, as we now have in writing, this has never been true. (**Exhibit B**).

185.    As has been shown in the discussions of the circumstances leading to the disqualification of the signatures of the Signatory Plaintiffs, at all times, defendants had sole, ready access to probative evidence unavailable to Schintzius. Such crucial, probative evidence likely would have shown the signatures of Plaintiffs were arbitrarily and capriciously disqualified because defendants made it as hard as possible for Schintzius to get necessary evidence, or made it impossible to get evidence in the possession of the Registrar, or made it impossible for Schintzius to present evidence at a hearing where he had the burden of proof. All the Signatory plaintiffs are qualified voter for petitioning purposes, but had their signatures disqualified not in an effect to serve a legitimate state interest or compelling reason to protect the integrity of the election process but due to technical or bureaucratic roadblocks.

## Va. Code § 24.2-506(C) DOESN'T PROTECT UNCONSTITUTIONAL AND UNLAWFUL ACTION BY OFFICIALS FROM JUDICAL REVIEW

186.     Va. Code § 24.2-506(C) says the decision by the REB is "final and not subject to further appeal."

1847.     However the statute has never been challenged in a court of law, much less interpreted. This is a case of first impression.

188.     Self-evidentially a state legislature cannot constitutionally pass a law prohibiting a citizen from protecting his or her constitutional rights. For example, let's assume the Richmond Electoral Board denied a candidate a spot on the ballot by disqualifying voters on the basis of race. It would defy logic to believe the General Assembly of Virginia believed the statute in question made it impossible for a Virginia citizen to bring a law suit protecting his or her constitutional rights.

189.     Moreover statutes which totally limit the jurisdiction of state courts over certain types of cases is extremely rare. In Virginia, the circuit court has vast jurisdiction indeed covering all matters where it needs to act in the interests of justice.

190.     Accordingly, as an initial matter of statutory interpretation, the term "not subject to appeal" is properly seen as consistent with using the word "appeal" to apply to administrative proceedings. This statute came about in response to the REB being ordered to hold an administrative hearing to review the disqualification of signatures leading to a candidate for Mayor and school board in Richmond being denied access to the ballot. The defendants in the instant matter argued in those cases that due process didn't require any administrative review. A state and federal court rejected their arguments. Accordingly, efforts were made in the 2013 General Assembly Session to create an automatic right to appeal for any future disqualified candidate. It is reasonable to limit any further administrative appeal: but suggesting this statue

denies a disqualified judicial of a process which prevents him from raising such concerns at the June 30th hearing defies accepted standards of due process.

191.     Had the General Assembly believed it could close state courts to Virginia citizens seeking redress for the violation of constitutional rights by the governmental officials, far less ambiguous language would have been employed.

192.     There is no legitimate state purpose, or sensible reason, for any such draconian effort to limit the right of Virginians to seek redress of constitutional violations in state court. Surely the legislature knows it lacked the power to deny Virginia courts jurisdiction for suits brought under U.S.C. § 1983 asserting violations of constitutional rights by government officials acting under the color of state law. Federal law allows these suits to be brought in state federal court.

193.     Additionally Va. Code § 24.2-506(C) says the appeal hearing "shall be limited to whether or not the signatures on the petitions that were filed were reasonably rejected according to the requirements of this title and the uniform standards approved by the State Board for the review of petitions."

194.     The State Board, in GREBook § 10.3.6 says the "scope of the appeal is solely on [the candidate's] invalidated petition signatures. *The candidate is not permitted to expand the appeal* beyond the adjudication of invalid signatures." [Emphasis added]. (Website link in *paragraph, 32 supra.*)

195.     Thus state law forbid Schintzius from even raising any constitutional issues involving due process, equal protection or other such lawful rights at the hearing.

196. Accordingly, Schintzius and the Plaintiffs are merely seeking to protect their constitutional rights, there is nothing to appeal on matters the defendants were prohibited from considering.

197. It defies logic or legal reasoning, to believe the General Assembly intended to pass legislation saying that potential constitutional violations of protected 1st Amendments rights as applied to the state's by the 14th Amendment are not only off-limits at an administrative hearing but in addition, they can never be raised in a court of law period.

198. Thus this complaint is simply an attempt by citizens of Virginia to protect their constitutional rights such rights not protected at the appeal hearing.

199. Besides the federal constitution, the Constitution of Virginia, in Article I, § 11-12 says a Virginian's has the right of "due process of law", and the "right...to petition the government..." Article 1, § 15 further says the right with have to a free government "cannot be enjoyed save in a society where law is respected and due process is observed."

200. Virginia Supreme Court decisions have long recognized rights protected by the 1st and 14th Amendments to the U. S. Constitution are "fundamental right(s)" and are protected from wrongful government action by a "strict scrutiny test." See. e.g. *Etheridge, v Medical Center Hospitals,* 376 SE. 2d. 525, 530 (Va. Sup. Ct.). It is therefore impossible to believe the General Assembly intended to permit a local electoral board to violate such rights while believing it could deny anyone so aggrieved for any reason no state remedy in any Virginia tribunal .

201. Lastly, Article VI, § 1 of the Constitution of Virginia says that the Virginia Supreme Court, subject to reasonable procedural rules, "shall...have appellate jurisdiction in cases involving the constitutionality of a law under this Constitution or the Constitution of the

United States." It therefore defies common sense or legal logic to believe the General Assembly would pass the legislation at issue for the purposes of turning a local matter into a Supreme Court case or a federal court case as might happen under 28 U.S.C. § 1443.

202.     Accordingly, to the extent Defendants have deprived Plaintiffs of their rights protected by the First and Fourteenth Amendments to the U.S. Constitution, the Bill of Rights of the Constitution of Virginia, and such other federal or state laws that may be implicated, Va. Code § 24.2-506 doesn't prevent this Court from acting to protect citizens so damaged by election officials acting under the color of state law, a right of judicial review long cherished in this country.

## BASIC LAW OF THE CASE

202.     In determining the nature of the instant inquiry, the court must first determine the level of scrutiny to be applied in matters involving the First and Fourteenth Amendments. See generally *Burdick v. Taskushi*, 504 U. S. 438 (1992).

203.     The circulating of petitions has long been considered "core" political speech. See, e.g., *Meyer v. Grant*, 486 U.S. 414 (1988).

204.     The number of signatures at issue is not a fundamental consideration. *Lerman v. Board of Elections in City of New York*, 223 F.3d 135, 147 (2nd. Cir. 2000) (38 signature requirement).

205.     "At its core, the right to due process reflects a fundamental value in our American constitutional system." *Boddie v. Connecticut*, 401 U.S. 371, 374 (1971).

206.     "In short, "within the limits of practicability,"…a State must afford a meaningful opportunity to be heard if it is to fulfill the promise of the Due Process Clause." Id. at 379.

207.     It is now well established that the concept of "liberty" protected against state impairment by the Due Process Clause of the Fourteenth Amendment includes the freedoms of speech and association and the right to petition for redress of grievances. *NAACP v. Alabama ex rel. Paterson*, 357 U.S. 449, 460 (1958).

208.     This includes "support of independent candidates". *Briscoe v. Kusper*, 435 F.2d 1046 (7th. Cir. 1979).

209.     In *Briscoe,* a case involving a challenge to the legitimacy of petition signatures, the Court said "the Constitution permits enforcement of the statutory rule in only the least restrictive and most obvious manner." Id. at 1056.

210.     In *Briscoe,* the Board, through "25 seasoned clerks and two attorneys of the Board checked the petitions against its records... The precinct binders and master file of voter registration cards contain the signatures of registered voters in Chicago and are kept in the Board's offices." Id at 1051.

211.     "We hold" said *Briscoe,* that the "Board of Election Commissioners of the City of Chicago may not enforce strict and technical standards which have not been definitively stated in the statutory language without prior publication of precise regulations." Id at 1058.

212.     "Moreover, the Board must grant access for inspection of precinct binders and other documents or records relied upon by the agency in reaching its decision." Id.

213.     "Finally, opportunity for argument or evidence, to be any value, must be afford after such inspection and before the final Board disposition of objections sustained by the checkers." Id.

214.     *In State ex rel. Scott v. Franklin City Board of Elections*, 136 Ohio St. 3d 171 (Ohio Sup. Ct. 2014), the Ohio Supreme Court found that given the election boards

responsibility to "certify the sufficiency and validity of petitions and nomination papers", that as "part of that duty, boards must compare petition signatures with voter registration cards to determine if the signatures are genuine." Id. at 173.

215.    In a concurring opinion, Justice Kennedy said it is "fundamentally unfair, and an abuse of discretion, to tell voters that a "signature" will be acceptable, and then invalidate some of those signatures because they do not satisfy narrower, undisclosed criteria." Id. at 174.

216.    Admittedly a constitutional challenge against a specific election law provision cannot be decided by any litmus-paper test. *Store v. Brown*, 415 U.S. 724m 730 (1974).

217.    But at all times it must be understood that "it is not the interest of [the] candidate…but rather, the interests of the voters who choose to associate together…" *Anderson v. Celebrezze*, 460 U.S. 780, 806A (1983 Sup. Ct.)

218.    Schintzius and the Plaintiffs have demonstrated standing to sue. *Lux v. Judd*, 842 F. Supp. 845, 900 (Ed. Dist. Va. 2012).

219.    Schinztius and Plaintiffs have diligently sought out the representatives and evidence needed to bring the matter as quickly as possible. Moreover, in any event, the matters here involve issues "capable of repetition yet evading review." *Fed. Election Comm'n v. Wisconsin Right to Life, Inc.,* 551 U.S. 449, 462 (Sup. Ct. 2007).

220.    In short, the REB, accepting the recommendations of its Employee, the Registrar have arbitrarily and capriciously disqualified numerous signatures from Schintzius' petitions. Making matters worse, the SBE, and the REB, have totally abdicated their oversight responsibilities in effectively rubber-stamping the actions of the Registrar. These actions by Defendants have deprived Plaintiffs of their rights under the First and Fourteenth Amendments

to the U. S. Constitution, Article I of the Constitution of Virginia, and other federal along with state statutes.

221.    Schintzius now seeks a preliminary and permanent injunction from this Court to (a) require Defendants to place his name on the ballot, or, in the alternative, (b) to allow Schintzius the very appeal promised to all wrongfully disqualified signers of a candidate petition and the candidate also, namely an appeal that is consistent with the due process requirements of the Constitutions here in cited and the state statute intended to provide the same since the signers know the candidate so disqualified could be counted upon to defend their right of Political Speech and Association to the fullest extent given their mutual interest in the same.

222.    Schintzius further seeks such other relief that the Court may feel is warranted.

## COUNT I
### Violation of Signatory Plaintiff's Rights
### Under the First and Fourteenth Amendments to the U.S. Constitution

223.    Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

224.    Signatory Plaintiffs are protected by the First Amendment to the U. S. Constitution as incorporated by the Fourteenth Amendment and enforced by 42 U.S.C § 1983.

225.    The First Amendment guarantees Signatory Plaintiffs' right to vote, petition government for the redress of grievances, associate freely and engage in political speech. Indeed, "a citizen's signing of a petition [is] 'core political speech.'" *Nev. Comm'n on Ethics v. Carrigan,* 131 S. Ct. 2343, 2351 (2011) (quoting *Meyer v. Grant,* 486 U.S. 414, 421-22 (1988).

226.    Restrictions or burdens on core political speech and associational rights, such as the right to circulate and sign petitions for candidacy, are subject to strict scrutiny, and must be narrowly tailored to serve a compelling governmental interest. *Lux, supra* at 902.

227. In disqualifying the signatures of the Signatory Plaintiffs for improper reasons, Defendants impermissibly burdened and deprived Signatory Plaintiffs of their First Amendment rights to have their names appear on the Petition for placement of an independent candidate on the ballot.

228. Signatory Plaintiffs followed the instructions on the state form, providing their signatures and "residence addresses" as required by the applicable state law. Va. Code § 24.2-506(A). This statute, defining what a qualified voter had to put on a petition to exercise his or her highly protected core political speech rights doesn't refer to the "registration" address" yet it is the "registration address" on the Virginia voter registration system that Defendants used.

229. Defendants' disqualification of Signatory Plaintiffs' signatures was based arbitrary and capricious actions and at times arbitrary and capricious implementation of state law and state regulations.

230. Defendants' disqualification of Signatory Plaintiffs' signatures does not serve any legitimate state interest and/or bears no rational relationship to any legitimate government interest.

231. In disqualifying Signatory Plaintiffs' signatures and/or by their other acts as alleged herein, Defendants have acted under color of state law to deprive Signatory Plaintiffs of rights secured by the U.S. Constitution and, hence, are liable to Signatory Plaintiffs under 42 U.S.C. § 1983.

232. Defendants' acts as set forth herein entitle Plaintiffs to (a) injunctive relief requiring Defendants to recognize the validity of the signatures of the Signatory Plaintiffs and thus further requiring Schintzius' name to be placed on ballot, or, in the alternative, (b) injunctive relief requiring Defendants to provide the due process review mandated by the 1st and

14th Amendments to the U.S. Constitution, Article 1 of the Constitution of Virginia along with other federal and state statutes for purposes of reviewing the signatures that were improperly disqualified. And (e) an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**COUNT II**
**Violation of Schintzius' Rights under the First and**
**Fourteenth Amendment to the U.S. Constitution**

233.    Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

234.    Schintzius' right to have his name on the ballot when he has presented a sufficient number of signatures to qualify is protected by the First Amendment to the U.S. Constitution, as incorporated by the Fourteenth Amendment and enforced by 42 U.S.C. § 1983. *See generally **Celebrezze**, supra.*

235.    Schintzius' right to personally circulate petitions is a right independent of his other constitutional rights.

236.    Schintzius' right to gain access to the ballot is a right independent of a right to be on the ballot. *Lux, supra.*

237.    In improperly reviewing and disqualifying the signatures that would have placed Schintzius on the ballot, the Defendants impermissibly deprived Schintzius of these First Amendment rights.

238.    Defendants' disqualification of Schintzius was arbitrary and capricious and an abuse of governmental power.

239.    Defendants' disqualification of Schintzius does not serve any legitimate state interest and/or bears no rational relationship to any legitimate government interest nor does it serve any compelling state interest and/or is not narrowly tailored to serve any interest that the state may assert.

240. Defendants have acted under color of state law to deprive Schintzius and Signatory Plaintiffs of rights secured by the U.S. Constitution and, hence, are liable to Schintzius under 42 U.S.C. § 1983.

241. Defendants' acts as set forth herein entitle Plaintiffs to (a) injunctive relief requiring Defendants to recognize the validity of the signatures of the Signatory Plaintiffs and thus further requiring Schintzius' name to be placed on ballot, or, in the alternative, (b) injunctive relief requiring Defendants to provide the due process review mandated by the 1st and 14th Amendments to the U.S. Constitution, Article 1 of the Constitution of Virginia along with other federal and state statutes for purposes of reviewing the signatures that were improperly disqualified. and (c) an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT III

### STATE PETITION FORM VIOLATES BROWN, KEENEY, MABRY, SMITH AND WARREN'S RIGHTS UNDER THE FIRST AND FOURTEENTH AMENDMENT TO U.S. CONSTITUTION

242. Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

243. Plaintiffs Brown, Kenney, Mabry, Smith, and Warren followed instructions on the state mandated petition form required by the Commonwealth of Virginia to exercise their protected First Amendment rights of association, free speech and petitioning. The rights in paragraph 243 supra are considered fundamental rights by the Supreme Court of the United States, and so recognized in Virginia. *See, e.g,* ***Etherridge,*** *supra.*

245. At all times, Defendants were aware the petition failed to ask for information the government considered a pre-condition to allowing Plaintiffs to exercise these fundamental and protected constitutional rights.

246.     In 2012, Defendants were put on notice of these types of issues with the petition form in case in the Circuit Court of Richmond. Defendants lost this case involving their wrongful disqualification of a candidate for the Office of Mayor of Richmond for an alleged lack of signatures from qualified voters. The case ultimately boiled down to whether the signatures of these voters signing a petition for Mayor and listing their residence address on the petition – as required by law - but having a differing registration address on the Virginia voter registration system should be counted by defendants. Defendants said no. But Judge Hughes correctly said yes overturned the disqualification decision, and put the mayoral candidate on the ballot. There was no discussion of any "move" date either.

247.     The petition form used in 2012 is essentially the same state mandate petition form being used today in terms of relevant issues.

248.     According, at all times, Defendants have been aware that if a citizen provides the truthful information requested – as did Plaintiff's Brown, Kenney, Marby, Smith, and Warren – and provides the "resident address" demanded, he or she will have their signatures initially disqualified. But had they not been truthful, and put down the registration address still found accompanying their name on this same state voter list, they would have been automatically counted by Defendants.

249.     The Petition form fails to put honest citizens on such notice, leading them to believe they only need to provide the information necessary to exercise their constitutional rights.

250.     Given the short time frame for collecting the required evidence for the appeal as regards disqualified signatures, especially as applied in the instant matter, Defendants

at all times are aware that the qualified signatures of the Plaintiffs are at great risk of not being counted even though they provided all the information requested on the petition form.

251. Moreover, as shown in the instant case, defendants imposed this process while at the same time arbitrarily and capriciously denying Schintzius significant amounts of time to show that defendants had violated the constitutional rights of the Signatory Plaintiffs.

252. There is no legitimate state interest or compelling reason for the state to continue to refuse to make the easy modifications to the petition form in order to not unfairly burden protected constitutional rights with a hidden "gotcha" procedural blindside.

253. Defendants disqualification of Plaintiffs signatures were therefore arbitrary and capricious, and Defendants disqualification of Schintzius does not serve any compelling state interest and/or bears no rational relationship to any legitimate government interest.

254. In disqualifying Schintzius, Defendants have acted under color of state law to deprive Schintzius and Signatory Plaintiffs of rights secured by the U.S. Constitution and, hence, are liable to Schintzius under 42 U.S.C. § 1983.

254. Defendants' acts as set forth herein entitle Plaintiffs to (a) injunctive relief requiring Defendants to recognize the validity of the signatures of the Signatory Plaintiffs and thus further requiring Schintzius' name to be placed on ballot, or, in the alternative, (b) injunctive relief requiring Defendants to provide the due process review mandated by the 1st and 14th Amendments to the U.S. Constitution, Article 1 of the Constitution of Virginia along with other federal and state statutes for purposes of reviewing the signatures that were improperly disqualified. and (c) an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### *COUNT IV*

## FAILURE OF THE RICHMOND ELECTORAL BOARD TO CHECK THE ACTUAL SIGNATURES VIOLATED PLAINTIFF'S RIGHTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS

256. Plaintiffs incorporate the preceding paragraphs as if set forth herein.

257. Va. Code § 24.2-506 and Richmond City Charter Provision § 3.01.1 enacted by the state legislature in Chapter 898 of the Session Laws of the 2004 Session of the Virginia General Assembly makes clear the key requirement in gaining ballot access are the "signatures" of qualified voters.

258. Va. Code § 24.2-506(A) additionally require the "residence addresses" and the dates. But all the requirements for ballot access are phrased in getting a specified numbers of "signatures" from qualified voters. Va. Code § 24.2-506(A) (1-7).

259. According, for purposes of signing a petition as discussed in Va. Code § 24-2.101, the validity of the "signatures" are the controlling factor under the law.

260. However, upon information and belief and based on the representations of the Registrar in 2012, at no time did Defendants ever try to determine if the signatures of plaintiffs on the petitions matched the signatures in their registration forms and materials in the sole possession of the REB and the Registrar.

261. The "residence address" on the petition required by Va. Code § 24.2-506(C) is primarily to help demonstrate that the signer by the name of Jane or Joe Doe is indeed the same Jane or Joe Doe as listed on the Virginia voter registration system.

262. However, the Virginia voter registration system only lists a "registration address", self-evidentially also a "residence address" if the signer hasn't moved for that former address. Plaintiffs concede that it is reasonable for the Registrar not to *initially* check the actual signatures

for those offering differing resident and registration addresses and first wait to see if a candidate otherwise has a sufficient number of required signatures.

263.    However, after a candidates petitions have been *initially* reviewed, and as in the instant case a lack of a mere 7 signatures may cause a disqualification from the ballot, failure to check the actual signatures of petition signers listing an 8th district ***"resident address"*** with the same or similar names of individuals on the Virginia voter registration system listing an 8th district ***"registration address"*** list" imposes a burden on the exercise of constitutional rights in great disproportion to the government effort needed to prevent a mistake. If Plaintiffs had instead put down their current registration address, the Register would have automatically counted them as qualified voters.

264.    But even assuming, *arguendo* there is no constitutional violation in not checking the signatures before the first notification of disqualification is sent out, such a failure is utterly indefensible at the *hearing* stage. ***State ex rel. Scott, supra.***

265.    Given the highly protected constitutional rights at issue, the failure of the government to take the de minimus effort needed to ascertain whether the signatures were indeed from identifiable qualified voters lacks any justification based on any possible legitimate state interest or compelling reason.

266.    Moreover the evidence from comparing signatures is not likely to be dispositive value but also favorable to Schintzius.

267.    The nature of the hearing in the instant matter has the Registrar in effect acting as the moving party trying to deny Plaintiffs their constitutional rights and Schintzius access to the ballot. Yet at all times, the Registrar has in her sole possession evidence that may totally

disprove the entire basis of the claim of insufficient signatures from qualified voters. Failure to give Schintzius access to this signature evidence violates due process. ***Briscoe, supra.***

268.    Denying Schintzius access to this information standing alone violates due process. Further adding the fact neither the Registrar nor the REB, despite their expertise in, and knowledge of, these matters, checked evidence in their sole possession readily available to prove the truth or falsity of an assertion by a government official denying protected core political rights is a blatant, egregious violation of constitutional rights. .

269.    Defendants disqualification of Plaintiff's signatures was therefore arbitrary and capricious, unreasonable and unconstitutional.

270.    Defendants disqualification of the Plaintiff's signatures does not serve any legitimate state interest and/or bears no rational relationship to any legitimate government interest.

271.    Defendants decision to disqualify Schintzius does not serve any compelling state interest and/or is not narrowly tailored to serve any interest that the state may assert.

272.    In disqualifying Schintzius, Defendants have acted under color of state law to deprive Schintzius and Signatory Plaintiffs of rights secured by the U.S. Constitution and, hence, are liable to Schintzius under 42 U.S.C. § 1983.

273.    Defendants' acts as set forth herein entitle Plaintiffs to (a) injunctive relief requiring Defendants to recognize the validity of the signatures of the Signatory Plaintiffs and thus further requiring Schintzius' name to be placed on ballot, or, in the alternative, (b) injunctive relief requiring Defendants to provide the due process review mandated by the 1st and 14th Amendments to the U.S. Constitution, Article 1 of the Constitution of Virginia along with

other federal and state statutes for purposes of reviewing the signatures that were improperly disqualified, and (c) an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court hear this action pursuant to 42 U.S.C. §§ 1973, *et seq.* and 1983; and Virginia Code Section § 17.1-513L and that it issue preliminary and permanent injunctive relief:

(a)     requiring Defendants to recognize the validity of Signatory Plaintiffs' signatures on the Petition and requiring Schintzius name to be placed on the ballot; or, in the alternative,

(b)     requiring Defendants to provide the due process review required by the 1st and 14th Amendments of the U.S. Constitution, and contemplated by applicable state constitutional and statutory law so that the arbitrary and capricious and unreasonable refusal to counter the signatures of qualified voters can be corrected.

Plaintiffs also request that the Court grant them such other and/or additional relief as equity may require, including but not limited to an award of its costs herein expended including reasonable attorney fees .pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 1973*l*(e).

J. ALAN SCHINTZIUS /

By: _Joseph D. Morrissey_
                 /Counsel


Joseph D. Morrissey, Esquire (VSB No. 22732)
*MORRISSEY & GOLDMAN, LLC*
605 East Nine Mile Road
Highland Springs, Virginia 23075
804-737-1626
804-737-1671 – Facsimile



Paul Goldman (NJ Bar No. 015331974)*
GoldmanUSA@aol.com

*Pro hac vice admission pending*

## CERTIFICATE

I hereby certify that on this **23rd** day of **August 2016**, a true and exact of the foregoing Motion for Temporary Injunction was hand delivered to the following:

J. Kirk Showalter, General Registrar for the City of Richmond

C. Starlet Stevens, Chairman of the Richmond Electoral Board

Cecila A. B. Dabney, Secretary of the Richmond Electoral Board

Ophelia Daniels, Vice Chairman of the Richmond Electoral Board

James Alcorn, Chairman, Virginia State Board of Elections

Clara Belle Wheeler, Vice Chairman, Virginia State Board of Elections

Singleton B. McAllister, Esq., Secretary of the Virginia State Board of Elections

Edgardo Cortes, Commissioner, Department of Elections

Respectfully submitted

Joseph D. Morrissey

ENTER ABOVE, NAME OF CANDIDATE [SHOULD BE AS IT IS TO APPEAR ON BALLOT]

*Alan Schintzius*

ENTER ABOVE, RESIDENCE ADDRESS OF CANDIDATE

*3321 garland ave*

ENTER ABOVE, CITY/TOWN *Richmond Va*    ENTER ABOVE, ZIP + 4 *23222*

ENTER ABOVE, OFFICE SOUGHT *MAYOR*    ENTER ABOVE, DISTRICT, IF APPLICABLE

COMMONWEALTH OF VIRGINIA
## PETITION OF QUALIFIED VOTERS
[Must be filed with Declaration of Candidacy]

When an election district includes more than ☐ county or city, it is suggested that you use separate petition form for qualified voters in ☐ county or city to facilitate the processing of ☐ filing

For a statewide office
it is suggested that you file petitions in county to facilitate the processing of the filing. If you ☐ the number of signatures by congressional ☐ enter district no.: ____ [optional]

We, the qualified voters of the district in which the above candidate seeks nomination or election and of *Alan Schintzius* signed hereunder or on the reverse

COUNTY OR CITY OR, FOR TOWN COUNCIL, NAME OF TOWN

side of this page, do hereby petition the above named individual to become a candidate for the office stated above in the [check only one]

☒ General Election ☐ Special Election ☐ Democratic Primary ☐ Republican Primary

to be held on the *8th* day of *November*, 20 *16*, and we do further petition that his/her name be printed upon the official ballots to be used at the election.

All signatures required by law need not be ☐ the same page of the petition. Numerous pages may be circulated. The circulator ☐ each page must be a person who is her/him ☐ a legal resident of the United States of Amer ☐ and who is not a minor nor a felon whose voting rights have not been restored. The circulator also must swear or affirm in the affidavit that s/he personally witnessed the signature of each voter

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT ON THE REVERSE SIDE OF THIS FORM THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA ☐ MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MOTHAN ONE CANDIDATE.

| OFFICE USE ONLY ▼ | | SIGNATURE OF REGISTERED VOTER [PRINT NAME IN SPACE BELOW SIGNATURE] | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELO LAST 4 DIGITS SOCIAL SECURI NUMBER [OPTIONAL] |
|---|---|---|---|---|---|
| R | 1. SIGN | *Dylan Mott* | RESIDENCE *120 E 34th st* | *3/27/16* | |
| | PRINT | *Dylan Mott* | CITY/TOWN *Richmond* | | |
| R | 2. SIGN | *F.A. Roscher* | RESIDENCE *1504 Nelson* | *3/27* | |
| | PRINT | *F.A. Roscher* | CITY/TOWN *Richmond* | | |
| C T | 3. SIGN | *Keith R.* | RESIDENCE *318 village st.* | *3/27 2016* | |
| | PRINT | *Keith Roberts* | CITY/TOWN *Richmond 23226* | | |
| R | 4. SIGN | *Else Jenk* | RESIDENCE *2404 ___ ___ R* | *3/27* | |
| | PRINT | *Else Jenk* | CITY/TOWN *Rich. V 23___* | | |
| R | 5. SIGN | *Arthur Stephe* | RESIDENCE *4401 Bromly l.* | *3/27* | |
| | PRINT | *Arthur stephens* | CITY/TOWN *Rich, V 23___* | | |
| R | 6. SIGN | *Thos* | RESIDENCE *1626 MONUMENT AVE* | *3/27/16* | |
| | PRINT | *FRANK TURNER REA* | CITY/TOWN *RICHMOND, VA* | | |
| R | 7. SIGN | *Larry Rohr* | RESIDENCE *1204 W. 42nd st* | *3/27/16* | |
| | PRINT | *Larry Rohr* | CITY/TOWN *Richmond Va* | | |
| R | 8. SIGN | *Courtney Lebow* | RESIDENCE *4802 Bromley Lane* | *3-27-16* | |
| | PRINT | *Courtney Lebow* | CITY/TOWN *Richmond VA* | | |
| R | 9. SIGN | *Gerald H Puckett* | RESIDENCE *207 Strawberry St* | *Mar 27 2016* | |
| | PRINT | *Gerald H Puckett* | CITY/TOWN *Richmond Va.* | | |
| R | 10. SIGN | *Chris B* | RESIDENCE *3458 GROVE AVE* | *3/27/16* | |
| | PRINT | *CHRIS BOAST* | CITY/TOWN *RVA 23221* | | |

**CONTINUE ADDITIONAL SIGNATURES AND COMPLETE AFFIDAVIT ON REVERSE S**

* Privacy notice: The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes the last four digits of your social security number to facili checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without d so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing social security number or part thereof.

SBE-506/521   REV 1.2013

**EXHIBIT**
**A**

CANDIDATE NAME: Alan Schintzius     OFFICE SOUGHT: Mayor

**CIRCULATOR:** MUST SWEAR OR AFFIRM IN THE AFFIDAVIT BELOW THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NOT A MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

**SIGNER:** YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY | SIGNATURE OF REGISTERED VOTER [PRINT NAME IN SPACE BELOW SIGNATURE] | POST OFFICE BOXES ARE NOT ACCEPTABLE — RESIDENCE ADDRESS — House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER [OPTIONAL] |
|---|---|---|---|---|
| R 11. | SIGN Albt Adlen   PRINT ALBERT DRADOUR | RESIDENCE 2206 Monument   CITY/TOWN Richmond VA | 3/27/16 | |
| R 12. | SIGN Ann M. Rite   PRINT Ann Rite | RESIDENCE 2206 Monument   CITY/TOWN Richmond Va | 3/27/16 | |
| R 13. | SIGN Mark H   PRINT Mark Holloway | RESIDENCE 3001 Monument   CITY/TOWN Richmond | 3/27/16 | |
| R 14. | SIGN Pamela W. Glew   PRINT | RESIDENCE 2217 W. Grace   CITY/TOWN Richmond | 3/27/16 | |
| R 15. | SIGN Richard Bland   PRINT Richard BLAND | RESIDENCE 113 N. Lombardy St   CITY/TOWN Richmond VA | 3/27/16 | |
| R 16. | SIGN M. Blin   PRINT Mark Knowlton | RESIDENCE 1800 Grove   CITY/TOWN Richmond VA | 3/27/16 | |
| R 17. | SIGN Kyle   PRINT Kyle Louise Carter | RESIDENCE 2020 Rosewood ave   CITY/TOWN Richmond VA | 3/27/16 | |
| R 18. | SIGN Robert D Kach   PRINT Robert D. Kach | RESIDENCE 3107 Ellwood Ave   CITY/TOWN Richmond | 3/27/16 | |
| R 19. | SIGN Zarina Fazaldin   PRINT ZARINA FAZALDIN | RESIDENCE 721 W. 28th St   CITY/TOWN Richmond VA | 3/27/16 | |
| R 20. | SIGN Cheryl Pallot   PRINT Cheryl Pallot | RESIDENCE 108 S. Gel... Ave   CITY/TOWN 23221 | 3/27 | |
| R 21. | SIGN M Draught   PRINT Michael Draught | RESIDENCE 145 Davis Ave   CITY/TOWN Richmond VA 23220 | 3/27 | |

**- AFFIDAVIT -**

Commonwealth of Virginia

I, Alan Schintzius, swear or affirm that (i) my full residential address is 3371 Quinard all in the State/Commonwealth of Virginia in the County/City/Town of Richmond ; (ii) I am a legal resident of the United States of America; (iii) I am not a minor; (iv) I am not a felon whose voting rights have not been restored; and (v) I witnessed the signature of each person who signed this page or its reverse side. I understand that falsely signing this affidavit is a felony punishable by a maximum fine up to $2,500 and/or imprisonment up to ten years.

SIGNATURE OF PERSON CIRCULATING THE PETITION: Alan Schultz

State of Virginia County/City of Richmond

The foregoing instrument was subscribed and sworn before me this 12th day of April , 2016, by Alan Schintzius

PRINT NAME OF PERSON CIRCULATING THE PETITION

SIGNATURE OF NOTARY OR OTHER PERSON AUTHORIZED TO ADMINISTER OATHS

| CIRCULATOR'S DRIVER'S LICENSE NUMBER, IF APPLICABLE |
| NAME OF STATE THAT ISSUED THE CIRCULATOR'S DRIVER'S LICENSE   VA |
| CIRCULATOR'S LAST 4 DIGITS OF SOCIAL SECURITY NUMBER |

SPACE PHOTOGRAPHICALLY REPRODUCIBLE — NOTARY SEAL/STAMP BELOW

Anne Cosby
NOTARY PUBLIC
Commonwealth of Virginia
NOTARY REGISTRATION NUMBER 7632182
MY COMMISSION EXPIRES**

**Privacy notice:** The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing any social security number or part thereof.

If not included in seal/stamp.

ENTER ABOVE, NAME OF CANDIDATE (SHOULD BE AS IT IS TO APPEAR ON BALLOT):
Alan Schintzius

ENTER ABOVE, RESIDENCE ADDRESS OF CANDIDATE
3321 garland ave

ENTER ABOVE, CITY/TOWN         ENTER ABOVE ZIP + 4
Richmond Va         23222

ENTER ABOVE, OFFICE SOUGHT   MAYOR      ENTER ABOVE, DISTRICT, IF APPLICABLE

When an election district includes more than one county or city, it is suggested that you use separate petition form for qualified voters in each county or city to facilitate the processing of the filing.

For a statewide office
It is suggested that you file separate in county to facilitate the processing of the filing. If you file the number of signatures by congressional distr... enter district no.: _____ [optional]

We, the qualified voters of the district in which the above candidate seeks nomination or election and of

Richmond Va
COUNTY OR CITY OR, FOR TOWN COUNCIL, NAME OF TOWN

signed hereunder or on the reverse side of this page, do hereby petition the above named individual to become a candidate for the office stated above in the [check only one]

☑ General Election   ☐ Special Election   ☐ Democratic Primary   ☐ Republican Primary

to be held on the  8th  day of  November , 20 16 , and we do further petition that his/her name be printed upon the official ballots to be used at the election.

All signatures required by law need not be on the same page of the petition. Numerous pages may be circulated. The circulator of each page must be a person who is her/himself a legal resident of the United States of America and who is not a minor nor a felon whose voting rights have not been restored. This circulator also must swear or affirm in the affidavit that she personally witnessed the signature of each voter

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT ON THE REVERSE SIDE OF THIS FORM THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NO MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER:   YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY ▼ | | SIGNATURE OF REGISTERED VOTER [PRINT NAME IN SPACE BELOW SIGNATURE] | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW. LAST 4 DIGITS OF SOCIAL SECURITY NUMBER (optional) |
|---|---|---|---|---|---|
| RHD | 1. SIGN | Rose M. Fisher | RESIDENCE 5512 weyburn dr. Henrico Va. 28___ CITY/TOWN | 3/28/16 | |
| | PRINT | Rose M. Fisher | | | |
| N | 2. SIGN | Mke Mnk | RESIDENCE 1610 Montfair Ave. CITY/TOWN Richmond | Mar 28 2016 | |
| | PRINT | Mikel Gng | | | |
| R | 3. SIGN | Orlando Jennings | RESIDENCE 1012 St James St CITY/TOWN Ric Va | 3/28/16 | |
| | PRINT | Orlndo Jennings | | | |
| R | 4. SIGN | D Chn | RESIDENCE 411 S North Ave CITY/TOWN Richmond Va 23222 | 3/28/16 | 3 |
| | PRINT | Dominque Probst | | | |
| | 5. SIGN | Ayh | RESIDENCE CITY/TOWN | | |
| | PRINT | Sam Tandy | | | |
| RHD | 6. SIGN | P. QUISENBERRY | RESIDENCE 2301 ___ RD CITY/TOWN CHESTERFIELD VA | | |
| | PRINT | | | | |
| | 7. SIGN | C. McCormick | RESIDENCE 1400 Grove Rd. CITY/TOWN Richmond VA | 3/14 | |
| | PRINT | C. McCormick | | | |
| | 8. SIGN | | RESIDENCE 2850 Mom __ #1 CITY/TOWN RICHMOND | | |
| | PRINT | Patrick Ompara | | | |
| R | 9. SIGN | Jrd G Ryall | RESIDENCE 2109 Riverside Drive CITY/TOWN Richmond | 3/29 | |
| | PRINT | Jeremiah J. Ryall | | | |
| VW | 10. SIGN | Andrew Ryn | RESIDENCE 2101 Grove Ave #9 CITY/TOWN Richmond VA | 3/29 | |
| | PRINT | Andrew Bepiscardo | | | |

CONTINUE ADDITIONAL SIGNATURES AND COMPLETE AFFIDAVIT ON REVERSE SIDE

* Privacy notice:  The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition with the official voter registration record.  You are not required to provide this information and may sign the petition without doing so.  The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing the social security number or part thereof.

SBE-506/521  REV 1.2013

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT BELOW THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NOT A MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY | SIGNATURE OF REGISTERED VOTER (PRINT NAME IN SPACE BELOW SIGNATURE) | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER [OPTIONAL] |
|---|---|---|---|---|
| 11 | SIGN _(signature)_ PRINT ANDREW HUFFMAN | RESIDENCE 2618 Overson Rd CITY/TOWN Richmond VA 23228 | 3/29/16 | |
| 12 | SIGN _(signature)_ PRINT Josh Viles | RESIDENCE 1701 Oakdale Ave CITY/TOWN Richmond VA 23??1 | 3/29/16 | ..... |
| 13 | SIGN Edward J. Booker PRINT Edward Jane Booker | RESIDENCE 3319 Highland Av CITY/TOWN Richmond VA 23222 | 3/24/ | |
| 14 | SIGN Lillian W Booker PRINT Lillian W Booker | RESIDENCE 3319 Harland Ave CITY/TOWN Richmond VA 23222 | 3/4/17 | |
| 15 | SIGN Kelsey Hulvey PRINT KELSEY HULVEY | RESIDENCE 2416 HAWTHORNE AVE CITY/TOWN RICHMOND VA 23222 | 3/30/16 | |
| 16 | SIGN _(signature)_ PRINT Brooke Sayre | RESIDENCE 1901 Oakdale Ave CITY/TOWN RVA 23227 | 3/30/16 | |
| 17 | SIGN _(signature)_ PRINT SAMMI LANZETTA | RESIDENCE 522 N Second CITY/TOWN RVA 23219 | 3/30/16 | |
| 18 | SIGN _(signature)_ PRINT Brittany Grainer | RESIDENCE 1403 S Meadow St CITY/TOWN Richmond VA 23220 | 3/30/16 | |
| 19 | SIGN _(signature)_ PRINT Eric Kelly | RESIDENCE 4416 Grove Ave CITY/TOWN Richmond VA 23221 | 3/30/16 | |
| 20 | SIGN _(signature)_ PRINT Sean Loridea | RESIDENCE 5100 Devonshire Rd CITY/TOWN Richmond, Va 23225 | 3/31/16 | |
| 21 | SIGN _(signature)_ PRINT Don L Hamilton II | RESIDENCE 4004 Augusta Ave CITY/TOWN Richmond, VA. 23230 | 3/31 | |

- AFFIDAVIT -

Commonwealth of Virginia

I, _(name)_, swear or affirm that (i) my full residential address is 3521 Raeland R VA 23222 in the State/Commonwealth of Virginia in the County/City/Town of Richmond; (ii) I am a legal resident of the United States of America; (iii) I am not a minor; (iv) I am not a felon whose voting rights have not been restored; and (v) I witnessed the signature of each person who signed this page or its reverse side. I understand that falsely signing this affidavit is a felony punishable by a maximum fine up to $2,500 and/or imprisonment up to ten years.

NOT PHOTOGRAPHICALLY REPRODUCIBLE NOTARY SEAL/STAMP BELOW

Lisa Anne Cosby
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7527182
My Commission Expires 11/30/2018

_(signature)_
SIGNATURE OF PERSON CIRCULATING THE PETITION

State of Virginia County/City of Richmond

The foregoing instrument was subscribed and sworn before me this 12th day of April, 20 16, by Alan Schintzius
PRINT NAME OF PERSON CIRCULATING THE PETITION

_(signature)_
SIGNATURE OF NOTARY OR OTHER PERSON AUTHORIZED TO ADMINISTER OATHS    NOTARY REGISTRATION NUMBER**    DATE NOTARY COMMISSION EXPIRES**

CIRCULATOR'S DRIVER'S LICENSE NUMBER, IF APPLICABLE
T64 252950

NAME OF STATE THAT ISSUED THE CIRCULATOR'S DRIVER'S LICENSE
Va

CIRCULATOR'S LAST 4 DIGITS OF SOCIAL SECURITY NUMBER
1192

*Privacy notice: The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar when copying this document for public inspection, must cover the column containing any social security number or part thereof.

**Not included in seal/stamp.

ENTER ABOVE, NAME OF CANDIDATE [SHOULD BE AS IT IS TO APPEAR ON BALLOT]
*Alan Schintzius*

ENTER ABOVE, RESIDENCE ADDRESS OF CANDIDATE
*3321 Garland av*

ENTER ABOVE, CITY/TOWN *Ruh Va*   ENTER ABOVE, ZIP + 4

ENTER ABOVE, OFFICE SOUGHT *MAYOR*   ENTER ABOVE, DISTRICT, IF APPLICABLE

When an election district includes more than one county or city, it is suggested that you use separate petition form for qualified voters in each county or city to facilitate the processing of the filing

For a statewide office
It is suggested that you file petitions in county to facilitate the processing of the filing. If you use the number of signatures by congressional district enter district no.: _____ [optional]

We, the qualified voters of the district in which the above candidate seeks nomination or election and of *Richmond Va* signed hereunder or on the reverse
COUNTY OR CITY OR, FOR TOWN COUNCIL, NAME OF TOWN
side of this page, do hereby petition the above named individual to become a candidate for the office stated above in the [check only one]
☑ General Election ☐ Special Election ☐ Democratic Primary ☐ Republican Primary
to be held on the *8th* day of *November*, 20 *10*, and we do further petition that his/her name be printed upon the official ballots to be used at the election.

All signatures required by law need not be on the same page of the petition. Numerous pages may be circulated. The circulator of each page must be a person who is her/himself a legal resident of the United States of America and who is not a minor nor a felon whose voting rights have not been restored. The circulator also must swear or affirm in the affidavit that s/he personally witnessed the signature of each voter.

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT ON THE REVERSE SIDE OF THIS FORM THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NOT A MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY | | SIGNATURE OF REGISTERED VOTER [PRINT NAME IN SPACE BELOW SIGNATURE] | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER [OPTIONAL] |
|---|---|---|---|---|---|
| AR | 1. | SIGN *Ansley Perkins* PRINT *Ansley Perkins* | RESIDENCE *104 N. Granby St* CITY/TOWN *Rich VA 23220* | *3/28/16* | |
| R | 2. | SIGN *Kristin Thompson* PRINT *Kristin Thompson* | RESIDENCE *204 E 13th St* CITY/TOWN *Richmond, VA 23224* | *3/28/16* | |
| R | 3. | SIGN *Kenneth Thompson* PRINT *KENNETH THOMPSON* | RESIDENCE *204 E. 13 St.* CITY/TOWN *Richmond VA 23224* | *3/28/16* | |
| R | 4. | SIGN *Terrell R. Mamet* PRINT *Terrell R. Mamet* | RESIDENCE *423 N. 187th St* CITY/TOWN *Richmond, VA 23228* | *3/28/16* | |
| | 5. | SIGN *Jermaine Brown* PRINT *Brown* | RESIDENCE *2857 Barton Ave* CITY/TOWN *Richmond VA* | *3/28/16* | |
| | 6. | SIGN *Richard Jeppins* PRINT *Josh Berry* | RESIDENCE *1500 N. 35. 1st* CITY/TOWN *RVA 23220* | *3/28/16* | |
| | 7. | SIGN *Jerry* PRINT *Gary Meara* | RESIDENCE *822 Plair St* CITY/TOWN *Rich* | *3/28/16* | |
| | 8. | SIGN PRINT | RESIDENCE CITY/TOWN | | |
| | 9. | SIGN *Annette Walker* PRINT *Annette Walker* | RESIDENCE CITY/TOWN *Richmond VA* | *3/28/16* | |
| | 10. | SIGN *Quincy March* PRINT *Quincy March* | RESIDENCE *1049 Shellix* CITY/TOWN *Richmond VA* | *3/28/16* | |

CONTINUE ADDITIONAL SIGNATURES AND COMPLETE AFFIDAVIT ON REVERSE SIDE

* **Privacy notice:** The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing social security number or part thereof.

CONTINUED FROM REVERSE SIDE  CANDIDATE NAME: _Alan Schintzius_  OFFICE SOUGHT: _Mayor_

CIRCULATOR:  MUST SWEAR OR AFFIRM IN THE AFFIDAVIT BELOW THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NOT A MINOR NOR A  FELON  WHOSE
VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER:  YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE
THAN ONE CANDIDATE.

| OFFICE USE ONLY | SIGNATURE OF REGISTERED VOTER [PRINT NAME IN SPACE BELOW SIGNATURE] | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER [OPTIONAL] |
|---|---|---|---|---|
| 11. | SIGN _____ | RESIDENCE 4106 Cary St Rd A18 | 3/28/16 | 1 |
| | PRINT Avery Waterman | CITY/TOWN Richmond VA | | |
| 12. | SIGN _____ | RESIDENCE 28 N Harrison St | 3/30/16 | |
| | PRINT Gregory Rosenberg | CITY/TOWN Richmond / Va | | |
| 13. | SIGN _____ | RESIDENCE 424 S. Pine | 3/30/2016 | |
| | PRINT Robert Scace | CITY/TOWN Richmond VA 23220 | | |
| 14. | SIGN _____ | RESIDENCE 2919 Moss Side Ave | 3/30/2016 | |
| | PRINT Ashley Weatherford | CITY/TOWN Richmond, VA 23222 | | |
| 15. | SIGN _____ | RESIDENCE 424 1/2 S. Pine | 3/30/2016 | 182 |
| | PRINT _____ | CITY/TOWN Richmond VA 23220 | | |
| 16. | SIGN _____ | RESIDENCE 615 S Laurel St | 3/31/2016 | |
| | PRINT Jeremy Leftor | CITY/TOWN Richmond VA 23220 | | |
| 17. | SIGN _____ | RESIDENCE 1709 Texas Ave | 3/30 | |
| | PRINT Jason Mallett | CITY/TOWN Richmond VA | | |
| 18. | SIGN _____ | RESIDENCE 3209 Carolina St | 3/31 | |
| | PRINT Chad Cariano | CITY/TOWN Richmond, VA | | |
| 19. | SIGN _____ | RESIDENCE 3207 Kendall Ave | 3/31 | |
| | PRINT Quincey Cuthbert | CITY/TOWN Richmond, VA | | |
| 20. | SIGN _____ | RESIDENCE 201 N. Stafford Ave | 3/31 | |
| | PRINT George Zingler | CITY/TOWN Richmond, VA | | |
| 21. | SIGN _____ | RESIDENCE 7764 Richmond Drive | 3/31 | |
| | PRINT Barbara A. Felix | CITY/TOWN Richmond VA 2350 | | |

Commonwealth of Virginia  - AFFIDAVIT -

I, _Alan Schintzius_ _____, swear or affirm that (I) my full residential
address is _3321 Garland ave_ _____, in the State/Commonwealth of
_Virginia_ _____, in the County/City/Town of _Richmond_; (ii) I am a legal resident of
the United States of America; (iii) I am not a minor; (iv) I am not a felon whose voting rights have not been restored; and (v) I
witnessed the signature of each person who signed this page or its reverse side. I understand that falsely signing this affidavit is a
felony punishable by a maximum fine up to $2,500 and/or imprisonment up to ten years.

CIRCULATOR'S DRIVER'S LICENSE NUMBER, IF APPLICABLE: T64 252950

NAME OF STATE THAT ISSUED THE CIRCULATOR'S DRIVER'S LICENSE: Va

_Alan Schintzius_
SIGNATURE OF PERSON CIRCULATING THE PETITION

CIRCULATOR'S LAST 4 DIGITS OF SOCIAL SECURITY NUMBER: 1193

FACE PHOTOGRAPHICALLY REPRODUCIBLE NOTARY SEAL/STAMP BELOW

Lisa Anne Cosby
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7527182
My Commission Expires 11/30/2018

State of _Virginia_ County/City of _Richmond_
The foregoing instrument was subscribed and sworn before me this
_18th_ day of _April_, 20_16_, by
_Alex Schintzius_
PRINT NAME OF PERSON CIRCULATING THE PETITION

_Lisa Co Cosby_
SIGNATURE OF NOTARY OR OTHER PERSON AUTHORIZED TO ADMINISTER OATHS   NOTARY REGISTRATION NUMBER**   DATE NOTARY COMMISSION EXPIRES**

Privacy notice:  The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate
checking this petition with the official voter registration record.  You are not required to provide this information and may sign the petition without
doing so.  The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing
any social security number or part thereof.

If not included in seal/stamp.

SBE-506/521  REV 1.2013

ENTER ABOVE, NAME OF CANDIDATE (SHOULD BE AS IT IS TO APPEAR ON BALLOT)

*Alan Schintzius*

ENTER ABOVE, RESIDENCE ADDRESS OF CANDIDATE

*3321 Garland ave*

ENTER ABOVE, CITY/TOWN        *Richmond Va*        ENTER ABOVE, ZIP + 4  *23222*

ENTER ABOVE, OFFICE SOUGHT  *MAYOR*        ENTER ABOVE, DISTRICT, IF APPLICABLE

COMMONWEALTH OF VIRGINIA
# PETITION OF QUALIFIED VOTERS
(Must be filed with Declaration of Candidacy)

When an election district includes more than one county or city, it is suggested that you use a separate petition form for qualified voters in each county or city to facilitate the processing of the filing.

For a statewide office
It is suggested that you file petitions in county/city to facilitate the processing of the filing. If you indicate the number of signatures by congressional district enter district no.: _____ (optional).

We, the qualified voters of the district in which the above candidate seeks nomination or election and of

*Alan Schintzius* signed hereunder or on the reverse

COUNTY OR CITY OR, FOR TOWN COUNCIL, NAME OF TOWN

side of this page, do hereby petition the above named individual to become a candidate for the office stated above in the [check only one]

☒ General Election  ☐ Special Election  ☐ Democratic Primary  ☐ Republican Primary

to be held on the **8th** day of **November**, 20 **16** and we do further petition that his/her name be printed upon the official ballots to be used at the election.

All signatures required by law need not be on the same page of the petition. Numerous pages may be circulated. The circulator of each page must be a person who is him/himself a legal resident of the United States of America and who is not a minor nor a felon whose voting rights have not been restored. The circulator also must swear or affirm in the affidavit that s/he personally witnessed the signature of each voter.

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT ON THE REVERSE SIDE OF THIS FORM THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NOT A MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY ▼ | SIGNATURE OF REGISTERED VOTER (PRINT NAME IN SPACE BELOW SIGNATURE) | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER [optional] |
|---|---|---|---|---|
| R 1. | SIGN _Lee_ / PRINT LEILA BAYGHAM | RESIDENCE 2931 W Cary St / CITY/TOWN RICHMON | 4/04.6 | |
| R 2. | SIGN Debra Carlotti / PRINT Debra Carlotti | RESIDENCE 2114 Hanover Av / CITY/TOWN Rich VA 23220 | 4/1/16 | |
| R 3. | SIGN _Holzgrefe_ / PRINT Emily Holzgrefe | RESIDENCE 2515 Hanover Ave / CITY/TOWN 23220 | 4/1/16 | |
| R 4. | SIGN Margaret A Woody / PRINT MARGARET A. WOODY | RESIDENCE 1903 Maple Shade Ln / CITY/TOWN Richmond VA 23227 | 4/1/16 | |
| R 5. | SIGN Megan Vernon / PRINT Megan Vernon | RESIDENCE 402 Northrop / CITY/TOWN Richmond Va | 4/1/16 | |
| ☑ 6. | SIGN Steve Hyde / PRINT DARELL HYDEN | RESIDENCE 1136 S. Delphine / CITY/TOWN W boro VA 22980 | 4/1/16 | |
| R 7. | SIGN _____ / PRINT CHARLES O'DONOVAN | RESIDENCE 3220 BARTON AVE / CITY/TOWN Richmond VA 23222 | 4/1/16 | ? |
| R 8. | SIGN _____ / PRINT AMRIT SINGH | RESIDENCE 2923 Black Heath U / CITY/TOWN rva | 4/1/16 | |
| R 9. | SIGN Robert Norris / PRINT Robert Norris | RESIDENCE 304 N Adams St Apt # / CITY/TOWN Richmond VA 23220 | 4/1/16 | |
| ☑ 10. | SIGN Irene Ziegler / PRINT | RESIDENCE 91 Sabot St 23256 / CITY/TOWN | 4/1/16 | |

CONTINUE ADDITIONAL SIGNATURES AND COMPLETE AFFIDAVIT ON REVERSE SIDE

* **Privacy notice:** The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing the social security number or part thereof.

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT BELOW THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NOT A MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY ▼ | MAYOR SIGNATURE OF REGISTERED VOTER (PRINT NAME IN SPACE BELOW SIGNATURE) | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER [OPTIONAL] |
|---|---|---|---|---|
| 11. | SIGN Lauren Met  PRINT Lauren Methena | RESIDENCE 21 B S. Brunswick St.  CITY/TOWN Richmond | April 1, 2016 | |
| 12. | SIGN Clea  PRINT Kimberly Sikorsky | RESIDENCE 2007 Barton Ave. #2  CITY/TOWN Richmond | April 2 2016 | 08 |
| 13. | SIGN Michael William  PRINT Michael Williams | RESIDENCE 3050 Lawson St.  CITY/TOWN Richmond, VA | April 2, 2016 | |
| 14. | SIGN  PRINT Marvin Kane | RESIDENCE 1255 Nelson St  CITY/TOWN Richmond | April 2016 | |
| 15. | SIGN  PRINT Laurice Diaz | RESIDENCE 312 E Broad St  CITY/TOWN Richmond | April 2016 | |
| 16. | SIGN  PRINT Cathy Louis | RESIDENCE 1363 West Broad St.  CITY/TOWN Richmond VA | April 2 2016 | |
| 17. | SIGN  PRINT Joseph Teklemariam | RESIDENCE 304 W. Marshall St  CITY/TOWN Richmond, VA 23220 | April 2 2016 | |
| 18. | SIGN  PRINT Benyam Teklemariam | RESIDENCE  CITY/TOWN Richmond, VA 23220 | April 2 2016 | |
| 19. | SIGN  PRINT Abedemeka A. Jones | RESIDENCE 406 Henrico BLVD  CITY/TOWN Richmond, VA 23222 | April 2 2016 | |
| 20. | SIGN  PRINT Charles P Armour Jr | RESIDENCE 6102 Morningside Dr  CITY/TOWN Richmond VA 23226 | April 4/2 | |
| 21. | SIGN  PRINT Anna Daniel | RESIDENCE 500 Hull St  CITY/TOWN Richmond VA | 4-2-16 | |

Commonwealth of Virginia

**- AFFIDAVIT -**

I, Alan Schintzius , swear or affirm that (i) my full residential address is 3321 Garland Ave in the State/Commonwealth of Virginia in the County/City/Town of Richmond ; (ii) I am a legal resident of the United States of America; (iii) I am not a minor; (iv) I am not a felon whose voting rights have not been restored; and (v) I witnessed the signature of each person who signed this page or its reverse side. I understand that falsely signing this affidavit is a felony punishable by a maximum fine up to $2,500 and/or imprisonment up to ten years.

_____
SIGNATURE OF PERSON CIRCULATING THE PETITION

CIRCULATOR'S DRIVER'S LICENSE NUMBER, IF APPLICABLE: T64 252950

NAME OF STATE THAT ISSUED THE CIRCULATOR'S DRIVER'S LICENSE: VA

CIRCULATOR'S LAST 4 DIGITS OF SOCIAL SECURITY NUMBER: 1143

FACE PHOTOGRAPHICALLY REPRODUCIBLE

NOTARY SEAL/STAMP BELOW:

Mary Anne Crislip
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7327152
My Commission Expires 11/30/2018

State of Virginia  County/City of Richmond
The foregoing instrument was subscribed and sworn before me this 12 day of April , 20___ , by Alan Schintzius
PRINT NAME OF PERSON CIRCULATING THE PETITION

_____
SIGNATURE OF NOTARY OR OTHER PERSON AUTHORIZED TO ADMINISTER OATHS   NOTARY REGISTRATION NUMBER**   DATE NOTARY COMMISSION EXPIRES**

Privacy notice: The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing any social security number or part thereof.

** If not included in seal/stamp.

ENTER ABOVE, NAME OF CANDIDATE [SHOULD BE AS IT IS TO APPEAR ON BALLOT]

Alan Schintzius

ENTER ABOVE, RESIDENCE ADDRESS OF CANDIDATE

3321 garland ave

ENTER ABOVE, CITY/TOWN — Richmond Va 23222 — ENTER ABOVE, ZIP +4

ENTER ABOVE, OFFICE SOUGHT — MAYOR — ENTER ABOVE, DISTRICT, IF APPLICABLE

When an election district includes more than one county or city, it is suggested that you use separate petition form for qualified voters in each county or city to facilitate the processing of the filing.

For a statewide office it is suggested that you file petitions in county to facilitate the processing of the filing. If you want the number of signatures by congressional district enter district no.: _____ (optional).

We, the qualified voters of the district in which the above candidate seeks nomination or election and of

Alan Schintzius

COUNTY OR CITY OR, FOR TOWN COUNCIL, NAME OF TOWN — signed hereunder or on the reverse side of this page, do hereby petition the above named individual to become a candidate for the office stated above in the [check only one]

☒ General Election  ☐ Special Election  ☐ Democratic Primary  ☐ Republican Primary

to be held on the 8th day of November 20 16 and we do further petition that his/her name be printed upon the official ballots to be used at the election.

All signatures required by law need not be on the same page of the petition. Numerous pages may be circulated. The circulator of each page must be a person who is him/herself a legal resident of the United States of America and who is not a minor nor a felon whose voting rights have not been restored. The circulator also must swear or affirm in the affidavit that s/he personally witnessed the signature of each voter.

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT ON THE REVERSE SIDE OF THIS FORM THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NOT MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY | SIGNATURE OF REGISTERED VOTER [PRINT NAME IN SPACE BELOW SIGNATURE] | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED (Must be after January 1 of election year) | **SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER [OPTIONAL] |
|---|---|---|---|---|
| R 1. | SIGN _____ PRINT _____ | RESIDENCE _____ CITY/TOWN _____ | 3-24-16 | |
| R 2. | SIGN _____ PRINT MARK MORAN | RESIDENCE 1905 WOLF PINE RD CITY/TOWN RICHMOND VA 23235 | 3/24 | |
| CI 3. | SIGN Laura Blum PRINT _____ | RESIDENCE 2023 W Grace St CITY/TOWN Richmond VA 23220 | 3/24 | |
| R 4. | SIGN Jeremy Parker PRINT Jeremy Parker | RESIDENCE 6976 Parker Rd CITY/TOWN Hanover VA 23___ | 3/24 | |
| R 5. | SIGN _____ PRINT Cecilia Hill | RESIDENCE 4603 Hupp Ave CITY/TOWN Richmond VA 23___ | 3/24 | |
| 6. | SIGN _____ PRINT Kevin Cooper | RESIDENCE 208 W 35 1/2 St CITY/TOWN Richmond VA 23225 | 3/24 | |
| R 7. | SIGN Karen Newton PRINT 8046446036 | RESIDENCE 526 Cecil Dr CITY/TOWN Richmond VA 232__ | 3/24 | |
| R 8. | SIGN ANDREW BARNOCKY PRINT _____ | RESIDENCE 3314 W. GRACE ST CITY/TOWN RICHMOND, VA 23221 | 3/24/16 | |
| C 9. | SIGN Collen Brooke PRINT CULLEN BROOKE | RESIDENCE 1504 Greycing Ave CITY/TOWN Richmond VA 23220 | 3-24-16 | |
| 10. | SIGN _____ PRINT _____ | RESIDENCE _____ CITY/TOWN _____ | | |

CONTINUE ADDITIONAL SIGNATURES AND COMPLETE AFFIDAVIT ON REVERSE SIDE

* Privacy notice: The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing social security number or part thereof.

SBE-506/521  REV 1.2013

CANDIDATE NAME: Alan Schintzius OFFICE SOUGHT: Mayor

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT BELOW THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NOT A MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY | SIGNATURE OF REGISTERED VOTER [PRINT NAME IN SPACE BELOW SIGNATURE] | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER [OPTIONAL] |
|---|---|---|---|---|
| 11 | SIGN _Timothy M. McC____ PRINT _Timothy M. McCabe_ | RESIDENCE 1337 Lorraine CITY/TOWN Rich, VA 23227 | 3/25/16 | - 1 |
| 12 | SIGN _Tyler Stevens_ PRINT _Tyler Stevens_ | RESIDENCE 1106 W Grace St CITY/TOWN Richmond, VA 23220 | 3/26/16 | - 8 |
| 13 | SIGN _Sam Kettlewell-____ PRINT _Sam Kettlewell-sides_ | RESIDENCE 5412 New Kent Rd CITY/TOWN Richmond | 3/26/16 | |
| 14 | SIGN _Joe Sites_ PRINT _Joe Sites_ | RESIDENCE 5412 New Kent RD CITY/TOWN Richmond, VA | 3/26/16 | |
| 15 | SIGN _Jerry Conroy_ PRINT _Jerry Conroy_ | RESIDENCE 1500 Avondale Ave CITY/TOWN Richmond VA | 3/26/16 | |
| 16 | SIGN _Marlow E. Reyes_ PRINT _MARLOW E. REYES_ | RESIDENCE 929 Old Nicholson CITY/TOWN Richmond VA 2323 | 3/26/16 | |
| 17 | SIGN _Ashley Pelli_ PRINT _Ashley Pelli_ | RESIDENCE 500 Stockton St Apt C109 CITY/TOWN Richmond, Va 23224 | 3/26/16 | |
| 18 | SIGN _Earl Kelly Lowe_ PRINT _EARL KELLY LOWE Jr_ | RESIDENCE 129 S. Cherry St CITY/TOWN Richmond, VA 23220 | 3/26/16 | |
| 19 | SIGN _M Reyes_ PRINT _M Reyes_ | RESIDENCE 208 W 34th St CITY/TOWN Richmond VA | 3-26-16 | |
| 20 | SIGN _Lindsay Phillips_ PRINT _Lindsay Phillips_ | RESIDENCE 2800 Rosewoodline CITY/TOWN Richmond | 3/24/16 | |
| 21 | SIGN _Colin Ruffman_ PRINT _Colin W Swigman_ | RESIDENCE 618 E. Franklin St CITY/TOWN Richmond | 3/26/10 | |

- AFFIDAVIT -

ommealth of Virginia

I, Alan Schintzius, swear or affirm that (i) my full residential address is 3371 Garland Ave in the State/Commonwealth of Virginia, in the County/City/Town of Richmond; (ii) I am a legal resident of the United States of America; (iii) I am not a minor; (iv) I am not a felon whose voting rights have not been restored; and (v) I witnessed the signature of each person who signed this page or its reverse side. I understand that falsely signing this affidavit is a felony punishable by a maximum fine up to $2,500 and/or imprisonment up to ten years.

SIGNATURE OF PERSON CIRCULATING THE PETITION

State of Virginia County/City of Richmond

The foregoing instrument was subscribed and sworn before me this 12th day of April, 20 16, by Alan Schintzius.

PRINT NAME OF PERSON CIRCULATING THE PETITION

CANNOT BE PHOTOGRAPHICALLY REPRODUCIBLE NOTARY SEAL STAMP BELOW:

Lisa Anne Cosby
NOTARY PUBLIC
Commonwealth of Virginia
Reg. # 7522182
My Commission Expires 11/30/2018

SIGNATURE OF NOTARY OR OTHER PERSON AUTHORIZED TO ADMINISTER OATHS      NOTARY REGISTRATION NUMBER**    DATE NOTARY COMMISSION EXPIRES**

CIRCULATOR'S DRIVER'S LICENSE NUMBER, IF APPLICABLE: 642529... VA

NAME OF STATE THAT ISSUED THE CIRCULATOR'S DRIVER'S LICENSE: VA

CIRCULATOR'S LAST 4 DIGITS OF SOCIAL SECURITY NUMBER

Privacy notice: The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition against the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing any social security number or part thereof.

* not included in seal stamp

SBE-506/521 REV 1.2013

ENTER ABOVE, NAME OF CANDIDATE [SHOULD BE AS IT IS TO APPEAR ON BALLOT]

Alan Schintzius

ENTER ABOVE, RESIDENCE ADDRESS OF CANDIDATE

3321 Garland Ave

ENTER ABOVE, CITY/TOWN        Rich        ENTER ABOVE, ZIP + 4

ENTER ABOVE, OFFICE SOUGHT   MAYOR   ENTER ABOVE, DISTRICT, IF APPLICABLE

When an election district includes more than one county or city, it is suggested that you use separate petition form for qualified voters in each county or city to facilitate the processing of the filing

For a statewide office It is suggested that you file petitions in county to facilitate the processing of the filing. If you are the number of signatures by congressional district, enter district no. ____ (optional).

We, the qualified voters of the district in which the above candidate seeks nomination or election and of

_____ signed hereunder or on the reverse
COUNTY OR CITY OR, FOR TOWN COUNCIL, NAME OF TOWN

side of this page, do hereby petition the above named individual to become a candidate for the office stated above in the [check only one]

[✓] General Election  [ ] Special Election  [ ] Democratic Primary  [ ] Republican Primary

to be held on the 8th day of November, 20 16, and we do further petition that his/her name be printed upon the official ballots to be used at the election.

All signatures required by law need not be on the same page of the petition. Numerous pages may be circulated. The circulator of each page must be a person who is him/herself a legal resident of the United States of America and who is not a minor nor a felon whose voting rights have not been restored. The circulator also must swear or affirm in the affidavit that s/he personally witnessed the signature of each voter.

**CIRCULATOR:** MUST SWEAR OR AFFIRM IN THE AFFIDAVIT ON THE REVERSE SIDE OF THIS FORM THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OR IS/HER OR NO MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

**SIGNER:** YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FORMORE THAN ONE CANDIDATE.

| OFFICE USE ONLY ▼ | | SIGNATURE OF REGISTERED VOTER [PRINT NAME IN SPACE BELOW SIGNATURE] | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER [optional] |
|---|---|---|---|---|---|
| R | 1. SIGN | *(signature)* | RESIDENCE 5624 Erich Ct | 3/22/16 | |
| | PRINT | Laquetta Massey | CITY/TOWN Richmond Va 23225 | | |
| R | 2. SIGN | Gregory Day Sr. | RESIDENCE 1301 Graylead Ave | 3/24/16 | |
| | PRINT | Gregory Day Sr | CITY/TOWN Richmond, VA 23220 | | |
| R | 3. SIGN | Starlita Nicholson | RESIDENCE 8331 Trenea Road | 3/24/16 | |
| | PRINT | Starlita Nicholson | CITY/TOWN Richmond VA 23235 | | |
| R | 4. SIGN | Lillie Esks | RESIDENCE 900 St Pauls St Apt D | 3/22/16 | |
| | PRINT | Lillie A Esks | CITY/TOWN Rich 23222 | | |
| N R | 5. SIGN | *(signature)* | RESIDENCE 3578 Patterson Ave | 3/23/16 | |
| | PRINT | JEFF RODNEY | CITY/TOWN RICHMOND 23220 | | |
| N R | 6. SIGN | *(signature)* | RESIDENCE *(illegible)* | 3/23/16 | |
| | PRINT | Steve Crandall | CITY/TOWN Richmond VA | | |
| R | 7. SIGN | *(signature)* | RESIDENCE 2601 Parkwood ave | 3/23/16 | |
| | PRINT | Lontana Caskill | CITY/TOWN Richmond VA | | |
| R | 8. SIGN | *(signature)* | RESIDENCE 2303 Parkwood ave | 3/24/16 | |
| | PRINT | LARRY GILBERT | CITY/TOWN RICHMOND VA | | |
| R | 9. SIGN | Grace Coughlin | RESIDENCE 1195 Laurel street | 3/24/16 | |
| | PRINT | Grace Coughlin | CITY/TOWN Richmond VA | | |
| N R | 10. SIGN | Zachary Barnes | RESIDENCE 9525 Heather Spring Dr | 3/24/16 | |
| | PRINT | *(signature)* | CITY/TOWN Richmond VA | | |

CONTINUE ADDITIONAL SIGNATURES AND COMPLETE AFFIDAVIT ON REVERSE S

* **Privacy notice:** The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing social security number or part thereof.

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT BELOW THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NOT A MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY | SIGNATURE OF REGISTERED VOTER (PRINT NAME IN SPACE BELOW SIGNATURE) | POST OFFICE BOXES ARE NOT ACCEPTABLE — RESIDENCE ADDRESS — House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER [OPTIONAL] |
|---|---|---|---|---|
| 11 | SIGN _____ PRINT John Doe | RESIDENCE 2301 Der hunderland av  CITY/TOWN Richmond | 3/24 | ( ) |
| 12 | SIGN _____ PRINT Rachel Torino | RESIDENCE 235 Blvd Apt 6  CITY/TOWN Richmond | 3/24 | |
| 13 | SIGN Amanda Boyce PRINT Amanda Boyce | RESIDENCE 2000 Riverside Dr. Apt  CITY/TOWN Richmond VA | 3/24 | ) |
| 14 | SIGN Peter G. Curry PRINT Peter E. Curry | RESIDENCE 405 S Pine St. Apt B  CITY/TOWN Richmond VA 23220 | 3/24 | |
| 15 | SIGN Judson R. Peverall PRINT Judson R. Peverall | RESIDENCE 2006 Idlewood Rd C  CITY/TOWN Richmond, VA 23220 | 3/24 | 8 |
| 16 | SIGN Dominic Corleo PRINT Dominic Corleo | RESIDENCE 3001 W Grays  CITY/TOWN Richmond VA | 3/24 | |
| 17 | SIGN Cheyenne Martin PRINT Cheyenne Martin | RESIDENCE 706 N 2nd St  CITY/TOWN Richmond | 3/24 | |
| 18 | SIGN _____ PRINT Owen Johnson | RESIDENCE 3424 W 2nd St  CITY/TOWN Richmond VA | 3/24 | — |
| 19 | SIGN Laura August PRINT Laura August | RESIDENCE 8 N Shields Ave  CITY/TOWN Richmond | 3/24 | — |
| 20 | SIGN Sarah Sanford PRINT Sarah Sanford | RESIDENCE 2034 W Grace  CITY/TOWN Richmond | 3/24 | — |
| 21 | SIGN _____ PRINT Zachary Hernandez | RESIDENCE 1709 Jacquelin St  CITY/TOWN Richmond | 3/24 | |

**- AFFIDAVIT -**

Commonwealth of Virginia

I Alan Schintzius _____, swear or affirm that (i) my full residential address is 9321 Gaylord ave _____ in the State/Commonwealth of Virginia _____; in the County/City/Town of Richmond _____; (ii) I am a legal resident of the United States of America; (iii) I am not a minor; (iv) I am not a felon whose voting rights have not been restored; and (v) I witnessed the signature of each person who signed this page or its reverse side. I understand that falsely signing this affidavit is a felony punishable by a maximum fine up to $2,500 and/or imprisonment up to ten years.

_____ (SIGNATURE OF PERSON CIRCULATING THE PETITION)

CIRCULATOR'S DRIVER'S LICENSE NUMBER, IF APPLICABLE: Up

NAME OF STATE THAT ISSUED THE CIRCULATOR'S DRIVER'S LICENSE: 1103

CIRCULATOR'S DRIVER'S LICENSE NUMBER: T44252950

NOTICE: IF PHOTOGRAPHICALLY REPRODUCIBLE, NOTARY SEAL/STAMP BELOW:

Lisa Anne Cosby
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7527182
Commission Expires 11/30/2018

State of Virginia County/City of Richmond

The foregoing instrument was subscribed and sworn before me this 12th day of April, 20____, by Alan Schintzius

PRINT NAME OF PERSON CIRCULATING THE PETITION

_____ (SIGNATURE OF NOTARY OR OTHER PERSON AUTHORIZED TO ADMINISTER OATHS)   NOTARY REGISTRATION NUMBER**   DATE NOTARY COMMISSION EXPIRES**

CIRCULATOR'S LAST 4 DIGITS OF SOCIAL SECURITY NUMBER

*Privacy Notice: The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate matching this petition with the official voter registration record. You are not required to provide this information and may sign the petition without giving so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing my social security number or part thereof.

**Included if seal/stamp

COMMONWEALTH OF VIRGINIA
# PETITION OF QUALIFIED VOTERS

[Must be filed with Declaration of Candidate]

When an election district includes more than one county or city, it is suggested that you use a separate petition form for qualified voters in each county or city to facilitate the processing of filing.

For a statewide office it is suggested that you file petitions in county to facilitate the processing of the filing. If you file the number of signatures by congressional district enter district no.: _____ [optional]

ENTER ABOVE, NAME OF CANDIDATE [SHOULD BE AS IT IS TO APPEAR ON BALLOT]
J Alan Schintzius

ENTER ABOVE, RESIDENCE ADDRESS OF CANDIDATE
3321 garland ave

ENTER ABOVE, CITY/TOWN    Richmond VA    ENTER ABOVE, ZIP + 4    23222

ENTER ABOVE, OFFICE SOUGHT    Mayor    ENTER ABOVE, DISTRICT, IF APPLICABLE

We, the qualified voters of the district in which the above candidate seeks nomination or election and of _____ Alan Schintzius _____ signed hereunder or on the reverse
COUNTY OR CITY OR, FOR TOWN COUNCIL, NAME OF TOWN
side of this page, do hereby petition the above named individual to become a candidate for the office stated above in the [check only one]

☒ General Election ☐ Special Election ☐ Democratic Primary ☐ Republican Primary
to be held on the 8th day of November, 20 16 and we do further petition
that his/her name be printed upon the official ballot to be used at the election.

All signatures required by law need not be on the same page of the petition. Numerous pages may be circulated. The circulator of each page must be a person who is neither a legal resident of the United States of America and who is not a minor nor a felon whose voting rights have not been restored. The circulator also must swear or affirm in the affidavit that s/he personally witnessed the signature of each voter.

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT ON THE REVERSE SIDE OF THIS FORM THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA AND IS NOT A MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY | SIGNATURE OF REGISTERED VOTER [PRINT NAME IN SPACE BELOW SIGNATURE] | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS SOCIAL SECURITY NUMBER [OPTIONAL] |
|---|---|---|---|---|
| R 1. | SIGN J Alan Schintzius / PRINT J Alan Schintzius | RESIDENCE 3321 garland / CITY/TOWN Richmond VA | 3/20/16 | |
| 2. | SIGN / PRINT Philip Lichtenberg | RESIDENCE 86.. / CITY/TOWN Richmond | | |
| R 3. | SIGN / PRINT LAURA J SULLIVAN | RESIDENCE 2718 Banbridge st / CITY/TOWN Richmond VA 23225 | 3/../18 | |
| R 4. | SIGN / PRINT Jameson Price | RESIDENCE 2718 Banbridge St. / CITY/TOWN Richmond va 23225 | 3/../ | |
| R 5. | SIGN / PRINT NOELLE ARCHIBALD | RESIDENCE 3805 Lansing terrace / CITY/TOWN Richmond VA 23221 | 3/../ | |
| C J 6. | SIGN / PRINT Joy Rogers | RESIDENCE 1101 Texas Ave / CITY/TOWN Rich VA 2020 | 3/../ | |
| R 7. | SIGN / PRINT Paula Phipps | RESIDENCE 3855 F Augusta / CITY/TOWN RICHMOND VA 23237 | 3/20/16 | |
| R 8. | SIGN / PRINT James S. Nelson | RESIDENCE 602 Carlisle Ave / CITY/TOWN Richmond VA 23221 | 3/2/16 | |
| R 9. | SIGN / PRINT Julie Storey | RESIDENCE 4416 Grove Ave / CITY/TOWN Richmond, VA 23221 | 3/20/16 | |
| R 10. | SIGN / PRINT Mica Whitney | RESIDENCE 518 W 29th / CITY/TOWN Richmond VA 23225 | 3/24/16 | |

CONTINUE ADDITIONAL SIGNATURES AND COMPLETE AFFIDAVIT ON REVERSE SIDE

* **Privacy notice:** The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing social security number or part thereof.

CONTINUED FROM REVERSE SIDE  CANDIDATE NAME: Alan Schintzius  OFFICE SOUGHT: MAYOR

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT BELOW THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NOT A MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY | SIGNATURE OF REGISTERED VOTER [PRINT NAME IN SPACE BELOW SIGNATURE] | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER [OPTIONAL] |
|---|---|---|---|---|
| 11 | SIGN _Rob A Witten_ PRINT _Robert Carter Ritchie_ | RESIDENCE 3004 FLOYD AVE CITY/TOWN RICHMOND VA | 3/20/16 | |
| 12 | SIGN _Scott Larson_ PRINT _Scott Larson_ | RESIDENCE 1723 Summit Ave Apt 201 CITY/TOWN Richmond VA | 3/20/16 | |
| 13 | SIGN _Blake_ PRINT BLAKE METHENA | RESIDENCE 215 BRUNSWICK St #3 CITY/TOWN RICHMOND VA | 3/20/16 | |
| 14 | SIGN _E. Martin Jewell_ PRINT E. Martin Jewell | RESIDENCE 835 Old Nicholson St CITY/TOWN Richmond Va 23223 | 3/20/16 | |
| 15 | SIGN _Michael R Dickinson_ PRINT Michael R Dickinson | RESIDENCE 3717 Patterson Ave CITY/TOWN RVA 23221 | 3/22/16 | |
| 16 | SIGN _Eddie Madden Jr_ PRINT Eddie Madden Jr | RESIDENCE 1421 E Hopkins CITY/TOWN Richmond VA | 3/22/16 | |
| 17 | SIGN _John Jones_ PRINT John Jones | RESIDENCE 7209 Apollo Rd CITY/TOWN Richmond VA 23231 | 3/22/16 | |
| 18 | SIGN _William F Gallasch_ PRINT William F. Gallasch | RESIDENCE 2336 Monument CITY/TOWN Richmond | 3/22/16 | |
| 19 | SIGN _Ceri A Gallasch_ PRINT Ceri Gallasch | RESIDENCE 2336 Monument Ave CITY/TOWN Richmond VA | 3/22/16 | |
| 20 | SIGN _Sterling Hayes_ PRINT STERLING HAYES | RESIDENCE 401 BANCROFT AVE CITY/TOWN Richmond, VA | 3/22/16 | |
| 21 | SIGN _Nathan Berg_ PRINT Nathan Berg | RESIDENCE Cox St #4 CITY/TOWN Rich VA | 3/22/16 | |

**- AFFIDAVIT -**

Commonwealth of Virginia

I, _Alan Schintzius_ , swear or affirm that (i) my full residential address is _3321 garland ave_ in the State/Commonwealth of _virginia_ ; in the County/City/Town of _Richmond_ ; (ii) I am a legal resident of the United States of America; (iii) I am not a minor; (iv) I am not a felon whose voting rights have not been restored; and (v) I witnessed the signature of each person who signed this page or its reverse side. I understand that falsely signing this affidavit is a felony punishable by a maximum fine up to $2,500 and/or imprisonment up to ten years.

SIGNATURE OF PERSON CIRCULATING THE PETITION

IF PHOTOGRAPHICALLY REPRODUCIBLE NOTARY SEAL/STAMP BELOW:

Lisa Anne Cosby
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7527182
My Commission Expires 11/30/2018

State of _Virginia_ County/City of _Richmond_

The foregoing instrument was subscribed and sworn before me this _12th_ day of _April_ , 20 _16_ by _Alan Schintzius_

PRINT NAME OF PERSON CIRCULATING THE PETITION

SIGNATURE OF NOTARY, OR OTHER PERSON AUTHORIZED TO ADMINISTER OATHS   NOTARY REGISTRATION NUMBER**   DATE NOTARY COMMISSION EXPIRES**

Privacy notice: The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing any social security number or part thereof.

** Not included in seal/stamp.

SBE-506/521 REV 1.2013

ENTER ABOVE, NAME OF CANDIDATE [SHOULD BE AS IT IS TO APPEAR ON BALLOT]

Alan Schintzius

ENTER ABOVE, RESIDENCE ADDRESS OF CANDIDATE

3321 Garland Ave

ENTER ABOVE, CITY/TOWN

Richmond Va

ENTER ABOVE, ZIP + 4

23222

ENTER ABOVE, OFFICE SOUGHT  MAYOR

ENTER ABOVE, DISTRICT, IF APPLICABLE

COMMONWEALTH OF VIRGINIA
PETITION OF QUALIFIED VOTERS
[Must be filed with Declaration of Candidacy]

When an election district includes more than a county or city, it is suggested that you use separate petition form for qualified voters in as county or city to facilitate the processing of filing.

For a statewide office it is suggested that you file petitions in county to facilitate the processing of the filing. If you are the number of signatures by congressional distr enter district no.: _____ [optional].

We, the qualified voters of the district in which the above candidate seeks nomination or election and of

Alan Schintzius

COUNTY OR CITY OR, FOR TOWN COUNCIL, NAME OF TOWN     signed hereunder or on the reverse side of this page, do hereby petition the above named individual to become a candidate for the office stated above in the [check only one]

☑ General Election  ☐ Special Election  ☐ Democratic Primary  ☐ Republican Primary

to be held on the 8th day of November, 20 16, and we do further petition that his/her name be printed upon the official ballots to be used at the election.

All signatures required by law need not be on the same page of the petition. Numerous pages may be circulated. The circulator of each page must be a person who is her/himself a legal resident of the United States of America and who is not a minor nor a felon whose voting rights have not been restored. The circulator also must swear or affirm in the affidavit that s/he personally witnessed the signature of each voter.

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT ON THE REVERSE SIDE OF THIS FORM THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NOT A MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY ▼ | | SIGNATURE OF REGISTERED VOTER [PRINT NAME IN SPACE BELOW SIGNATURE] | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS SOCIAL SECURITY NUMBER [OPTIONAL] |
|---|---|---|---|---|---|
| R | 1. SIGN | Laura Cramer | RESIDENCE 109 E Leigh St | 3/24/16 | |
| | PRINT | Laura Cramer | CITY/TOWN Richmond, VA | | |
| R | 2. SIGN | Michae Jensen | RESIDENCE 123 Broad Ave | 3/24/16 | |
| | PRINT | Mical Jensen | CITY/TOWN Richmond, VA | | |
| R | 3. SIGN | Erik Akers | RESIDENCE 612 N 25th St | 3/24/16 | |
| | PRINT | Erik Akers | CITY/TOWN Richmond VA | | |
| R | 4. SIGN | | RESIDENCE 612 Hull St | 3/24/16 | |
| | PRINT | Billy Little | CITY/TOWN Richmond VA | | |
| R | 5. SIGN | | RESIDENCE 1300 BAINBRIDGE | 3/24 | |
| | PRINT | KRISTEN BENTLEY | CITY/TOWN RICHMOND VA 23224 | | |
| R | 6. SIGN | | RESIDENCE 1300 Bainbridge | 3/24 | |
| | PRINT | Elizabeth Ferris | CITY/TOWN Richmond VA 23224 | | |
| R | 7. SIGN | | RESIDENCE 1012 W 44th St | 3/24/16 | |
| | PRINT | LILY LAMBERT | CITY/TOWN RICHMOND VA 23222 | | |
| R | 8. SIGN | Marcus Turavante | RESIDENCE 1300 Bainbridge | 3/24 | |
| | PRINT | Marcus Turavante | CITY/TOWN Richmond VA 23224 | | |
| R | 9. SIGN | | RESIDENCE 123 S Mulberry St | 3/24 | |
| | PRINT | Peter Szigeto | CITY/TOWN Richmond VA | | |
| R | 10. SIGN | | RESIDENCE 1223 Irby Dr | 3/24/16 | |
| | PRINT | Joan Levin | CITY/TOWN Richmond 23225 | | |

CONTINUE ADDITIONAL SIGNATURES AND COMPLETE AFFIDAVIT ON REVERSE!

* **Privacy notice:** The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to fac checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing social security number or part thereof.

SBE-506/521  REV 1.2013

CANDIDATE NAME: Alan Schintzius   OFFICE SOUGHT: Mayor

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT BELOW THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NOT A MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY | | SIGNATURE OF REGISTERED VOTER (PRINT NAME IN SPACE BELOW SIGNATURE) | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|
| R | 11 | SIGN Paul Sean Rors  PRINT PAUL SEANUS ROGERS | RESIDENCE 1707 Texas Ave  CITY/TOWN RICHMOND, VA | 3/29/16 | |
| | 12 | SIGN Eva Cur  PRINT Eva Curry | RESIDENCE 313 W. Lancaster Rd  CITY/TOWN Richmond, VA | 3.27.16 | |
| | 13 | SIGN  PRINT ANTONIO DOWELL | RESIDENCE 313 W. LANCASTER  CITY/TOWN RICHMOND VA | 3/27/16 | S |
| | 14 | SIGN Stacey Maples  PRINT Stacey Maples | RESIDENCE 1011 W 43rd St  CITY/TOWN Richmond, VA | 3/27/16 | S |
| | 15 | SIGN  PRINT PAUL DiPASQUALE | RESIDENCE 1408 Normal St  CITY/TOWN Richmond, VA. | 3/27/16 | |
| | 16 | SIGN  PRINT | RESIDENCE 14 4  CITY/TOWN Richmond | 3/27 | |
| | 17 | SIGN  PRINT George Nixon | RESIDENCE 804  CITY/TOWN Rich 23226 | 3/27 | |
| | 18 | SIGN Peter W Smith  PRINT Peter W Smith | RESIDENCE  CITY/TOWN | | |
| | 19 | SIGN Anne Jolly  PRINT Anne Jolly | RESIDENCE 1610 Confidence Loop  CITY/TOWN Richmond 23227 | 3/27 | |
| | 20 | SIGN  PRINT Catherine Farmer | RESIDENCE 1519 Floyd Ave  CITY/TOWN Richmond 23230 | 3/27 | |
| | 21 | SIGN  PRINT | RESIDENCE  CITY/TOWN | | |

- AFFIDAVIT -

Commonwealth of Virginia

I, Alan Schintzius, swear or affirm that (i) my full residential address is 3371 garland ave in Richmond in the State/Commonwealth of Virginia in the County/City/Town of Richmond; (ii) I am a legal resident of the United States of America; (iii) I am not a minor; (iv) I am not a felon whose voting rights have not been restored; and (v) I witnessed the signature of each person who signed this page or its reverse side. I understand that falsely signing this affidavit is punishable by a maximum fine up to $2,500 and/or imprisonment up to ten years.

SIGNATURE OF PERSON CIRCULATING THE PETITION

State of Virginia    County/City of Richmond

The foregoing instrument was subscribed and sworn before me this 12th day of April, 2016, by Alan Schintzius

PRINT NAME OF PERSON CIRCULATING THE PETITION

NOTE PHOTOGRAPHICALLY REPRODUCIBLE NOTARY SEAL/STAMP BELOW
Lisa Anne Cosby
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7527182
Commission Expires 11/30/2018

SIGNATURE OF NOTARY OR OTHER PERSON AUTHORIZED TO ADMINISTER OATHS    NOTARY REGISTRATION NUMBER**    DATE NOTARY COMMISSION EXPIRES**

DRIVER'S LICENSE NUMBER, IF APPLICABLE VA

NAME OF STATE THAT ISSUED THE CIRCULATOR'S DRIVER'S LICENSE

1193
CIRCULATOR'S LAST 4 DIGITS OF SOCIAL SECURITY NUMBER

Privacy notice: The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition against the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing any social security number or part thereof.

* Not included in base/stamp

** If applicable

SBE-506/521 REV 1.2013

ENTER ABOVE, NAME OF CANDIDATE (SHOULD BE AS THIS TO APPEAR ON BALLOT)

Alan Schintzius

ENTER ABOVE, RESIDENCE ADDRESS OF CANDIDATE

3321 Garland ave

ENTER ABOVE, CITY/TOWN   Richmond Va 23222   ENTER ABOVE, ZIP + 4

ENTER ABOVE, OFFICE SOUGHT   MAYOR   ENTER ABOVE, DISTRICT, IF APPLICABLE

When an election district includes more than one county or city, it is suggested that you use a separate petition form for qualified voters in each county or city to facilitate the processing of the filing.

For a statewide office it is suggested that you file petitions in county order to facilitate the processing of the filing. If you list the number of signatures by congressional district enter district no. ___ (optional).

We, the qualified voters of the district in which the above candidate seeks nomination or election and of

Alan Schintzius signed hereunder or on the reverse

COUNTY OR CITY OR, FOR TOWN COUNCIL, NAME OF TOWN

side of this page, do hereby petition the above named individual to become a candidate for the office stated above in this [check only one]

☑ General Election ☐ Special Election ☐ Democratic Primary ☐ Republican Primary

to be held on the 8 day of November, 20 16, and we do further petition that his/her name be printed upon the official ballots to be used at the election.

All signatures required by law need not be on the same page of the petition. Numerous pages may be circulated. The circulator of each page must be a person who is him/himself a legal resident of the United States of America and who is not a minor nor a felon whose voting rights have not been restored. The circulator also must swear or affirm in the affidavit that s/he personally witnessed the signature of each voter.

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT ON THE REVERSE SIDE OF THIS FORM THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NO MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY ▼ | | SIGNATURE OF REGISTERED VOTER [PRINT NAME IN SPACE BELOW SIGNATURE] | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER (OPTIONAL) |
|---|---|---|---|---|---|
| R | 1. SIGN | ~~ | RESIDENCE 2518 Grove Ave | 3-24-16 | |
| | PRINT | Allison Reid | CITY/TOWN Richmond | | |
| R | 2. SIGN | David Wyatt Johnson | RESIDENCE 469 South Stafford Ave | 3/24/16 | |
| | PRINT | David Wyatt Johnson | CITY/TOWN Richmond, Va 23220 | | |
| R | 3. SIGN | Megan Landrieux | RESIDENCE 1906 Hanover Ave | 3/24/16 | |
| | PRINT | Megan Landrieux | CITY/TOWN Richmond, VA 23220 | | |
| R | 4. SIGN | Adam Weatherford | RESIDENCE 1055 Le Clair Rd | 3/24/16 | |
| | PRINT | Adam Weatherford | CITY/TOWN Richmond, Va 23225 | | |
| | 5. SIGN | Kate ~~Jennings~~ | RESIDENCE | | |
| | PRINT | | CITY/TOWN | | |
| R | 6. SIGN | Amanda Weatherford | RESIDENCE 1055 Le Clair Rd | 3-24-16 | |
| | PRINT | Amanda Weatherford | CITY/TOWN Richmond, Va 23225 | | |
| O | 7. SIGN | Kate Jennings | RESIDENCE 1329 Avondale | 4-2-16 | |
| | PRINT | Kate Jennings | CITY/TOWN Richmond, VA 23227 | | |
| R | 8. SIGN | Jessica Barten | RESIDENCE 1209 W 47 St | 3/ | |
| | PRINT | Jessica Barten | CITY/TOWN Richmond, VA 23 | | |
| R | 9. SIGN | Andrew Spruill | RESIDENCE 2126 Maplewood Ave | 3/24/16 | |
| | PRINT | Andrew Spruill | CITY/TOWN Richmond VA 23220 | | |
| | 10. SIGN | Me | RESIDENCE 410 Belvue Ave | 3/24/16 | |
| | PRINT | MAT SHELTON-EIDE | CITY/TOWN Richmond, VA 23227 | | |

CONTINUE ADDITIONAL SIGNATURES AND COMPLETE AFFIDAVIT ON REVERSE SIDE

* Privacy notice: The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing social security number or part thereof.

SBE-506/521   REV 1.2013

**CANDIDATE NAME:** Alan Schintzius **OFFICE SOUGHT:** Mayor

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT BELOW THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NOT A MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY | SIGNATURE OF REGISTERED VOTER (PRINT NAME IN SPACE BELOW SIGNATURE) | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER [OPTIONAL] |
|---|---|---|---|---|
| 11 | SIGN _(signature)_ PRINT Angelica Rosales | RESIDENCE 5219 Campbell Ave CITY/TOWN Richmond VA 232_ | 3/23/16 | |
| 12 | SIGN _(signature)_ PRINT Chelsea Chagnon | RESIDENCE 300 Stockton St Apt1 CITY/TOWN Richmond VA 23224 | 3/23/16 | |
| 13 | SIGN _(signature)_ PRINT Katie Dale | RESIDENCE 225 Addison CITY/TOWN Richmond, VA 23___ | 3/23/16 | |
| 14 | SIGN _(signature)_ PRINT Kevin Conrad | RESIDENCE 4036 N. Hupcroft Rd CITY/TOWN Richmond, VA 23230 | 3/24/16 | |
| 15 | SIGN _(signature)_ PRINT Alyssa Pifer | RESIDENCE 1905 Woodbine Rd. CITY/TOWN Richmond, VA 232__ | 3/25/16 | |
| 16 | SIGN _(signature)_ PRINT Matthew Conover | RESIDENCE 301 S Cherry St CITY/TOWN Richmond 23220 | 3-25-16 | |
| 17 | SIGN _(signature)_ PRINT Chris Maxwell | RESIDENCE 1520 Porter St. CITY/TOWN Richmond, Va. 23224 | 3/25/16 | |
| 18 | SIGN _(signature)_ PRINT James R Furguson | RESIDENCE 1520 Porter CITY/TOWN Richmond Va 23224 | 3/25/16 | |
| 19 | SIGN _(signature)_ PRINT Erin B_ | RESIDENCE 1520 Porter St CITY/TOWN Richmond VA 23224 | 3/25/16 | |
| 20 | SIGN _(signature)_ PRINT Richard Acosta-Lewis | RESIDENCE 7001 Sivart Ave CITY/TOWN RICHMOND, VA | 3/25 16 | |
| 21 | SIGN _(signature)_ PRINT Rebecca E Jeter | RESIDENCE 815 Army St #510 CITY/TOWN Richmond, VA 23224 | 3/26/16 | |

Commonwealth of Virginia — **AFFIDAVIT** —

I, Alan Schintzius, swear or affirm that (i) my full residential address is 3321 Garland ave in the State/Commonwealth of Virginia, in the County/City/Town of Richmond; (ii) I am a legal resident of the United States of America; (iii) I am not a minor; (iv) I am not a felon whose voting rights have not been restored; and (v) I witnessed the signature of each person who signed this page or its reverse side. I understand that falsely signing this affidavit is a felony punishable by a maximum fine up to $2,500 and/or imprisonment up to ten years.

SIGNATURE OF PERSON CIRCULATING THE PETITION

NOTARY SEAL/STAMP BELOW
Dia Anne Cosby
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7527182
My Commission Expires 11/30/2018

State of Virginia County/City of Richmond
The foregoing instrument was subscribed and sworn before me this ____ day of April, 20 16, by Alan Schintzius
PRINT NAME OF PERSON CIRCULATING THE PETITION

SIGNATURE OF NOTARY OR OTHER PERSON AUTHORIZED TO ADMINISTER OATHS     NOTARY REGISTRATION NUMBER**     NOTARY COMMISSION EXPIRES**

CIRCULATOR'S DRIVER'S LICENSE NUMBER, IF APPLICABLE  VA

NAME OF STATE THAT ISSUED THE CIRCULATOR'S DRIVER'S LICENSE  VA

CIRCULATOR'S LAST 4 DIGITS OF SOCIAL SECURITY NUMBER

T64 75295C

Privacy notice: The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing any social security number or part thereof.

If not included in seal/stamp.

SBE-506/521  REV 1.2013

ENTER ABOVE, NAME OF CANDIDATE (SHOULD BE AS IT IS TO APPEAR ON BALLOT)

Alan Schintzius

ENTER ABOVE, RESIDENCE ADDRESS OF CANDIDATE

3321 garland ave

ENTER ABOVE, CITY/TOWN            ENTER ABOVE, ZIP + 4

Richmond Va    23226

ENTER ABOVE, OFFICE SOUGHT            ENTER ABOVE, DISTRICT, IF APPLICABLE

MAYOR

When an election district includes more than one county or city, it is suggested that you use separate petition form for qualified voters in each county or city to facilitate the processing of the filing

For a statewide office
It is suggested that you file petitions in county order to facilitate the processing of the filing. If you list the number of signatures by congressional district, enter district no. ____ (optional).

We, the qualified voters of the district in which the above candidate seeks nomination or election and of

_____ Alan Schintzius _____ signed hereunder or on the reverse

COUNTY OR CITY OR, FOR TOWN COUNCIL, NAME OF TOWN

side of this page, do hereby petition the above named individual to become a candidate for the office stated above in the [check only one]

☑ General Election  ☐ Special Election  ☐ Democratic Primary  ☐ Republican Primary

to be held on the __8th__ day of __Nov__, 20 __16__, and we do further petition that his/her name be printed upon the official ballots to be used at the election.

All signatures required by law need not be on the same page of the petition. Numerous pages may be circulated. The circulator of each page must be a person who is him/herself a legal resident of the United States of America and who is not a minor nor a felon whose voting rights have not been restored. The circulator also must swear or affirm in the affidavit that s/he personally witnessed the signature of each voter.

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT ON THE REVERSE SIDE OF THIS FORM THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA NOT MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY | | SIGNATURE OF REGISTERED VOTER [PRINT NAME IN SPACE BELOW SIGNATURE] | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | [SEE NOTE BELOW] LAST 4 DIGITS OF SOCIAL SECURITY NUMBER [OPTIONAL] |
|---|---|---|---|---|---|
| | 1. SIGN | (signature) | RESIDENCE 5818 KENSINGTON | 3/27/16 | |
| | PRINT | JEREMIAH SHRIVER | CITY/TOWN RVA 23226 | | |
| R | 2. SIGN | (signature) | RESIDENCE 7453 Grovesor | 3-27-16 | |
| | PRINT | Gunter Holloway | CITY/TOWN RVA, 23229 | | |
| R | 3. SIGN | Ron Shriver | RESIDENCE 7359 Hermit St | 3-27-16 | |
| | PRINT | Ronald G Shriver | CITY/TOWN RVA 23226 | | |
| | 4. SIGN | Leslie Coon | RESIDENCE Monument Ave | 3-27-16 | |
| | PRINT | (signature) | CITY/TOWN RVA 23091 | | |
| | 5. SIGN | (signature) | RESIDENCE Monument Ave | mar 27/16 | |
| | PRINT | Nichole Holloway | CITY/TOWN R/va 23221 | | |
| R | 6. SIGN | (signature) | RESIDENCE 1705 Georgia Ave | 3/27/16 | |
| | PRINT | (signature) | CITY/TOWN RVA 23220 | | |
| R | 7. SIGN | Carol Piersol | RESIDENCE 2011 Floyd | 3/27/16 | |
| | PRINT | Carol Piersol | CITY/TOWN RVA 23226 | | |
| R | 8. SIGN | Marsh | RESIDENCE 2705 Stuart Ave | 3/27/16 | |
| | PRINT | Claire Marsh | CITY/TOWN RVA 23220 | | |
| | 9. SIGN | Jordan | RESIDENCE 1501 Claiborne St | 3/27 | |
| | PRINT | Jan Jordan | CITY/TOWN RVA 23320 | | |
| R | 10. SIGN | (signature) | RESIDENCE 1722 Floyd Ave | 3 27 | |
| | PRINT | Tavorris Spinks | CITY/TOWN Richmond VA | | |

CONTINUE ADDITIONAL SIGNATURES AND COMPLETE AFFIDAVIT ON REVERSE SIDE

***Privacy notice:** The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing social security number or part thereof.

CANDIDATE NAME: _Alan Schintzius_ OFFICE SOUGHT: _Mayor_

CIRCULATOR: MUST SWEAR OR AFFIRM IN THE AFFIDAVIT BELOW THAT S/HE IS A LEGAL RESIDENT OF THE UNITED STATES OF AMERICA, NOT A MINOR NOR A FELON WHOSE VOTING RIGHTS HAVE NOT BEEN RESTORED AND THAT S/HE PERSONALLY WITNESSED EACH SIGNATURE.

SIGNER: YOUR SIGNATURE ON THIS PETITION MUST BE YOUR OWN AND DOES NOT SIGNIFY AN INTENT TO VOTE FOR THE CANDIDATE. YOU MAY SIGN PETITIONS FOR MORE THAN ONE CANDIDATE.

| OFFICE USE ONLY ▼ | SIGNATURE OF REGISTERED VOTER [PRINT NAME IN SPACE BELOW SIGNATURE] | POST OFFICE BOXES ARE NOT ACCEPTABLE RESIDENCE ADDRESS House Number and Street Name or Rural Route and Box Number and City/Town | DATE SIGNED [Must be after January 1 of election year] | *SEE NOTE BELOW LAST 4 DIGITS OF SOCIAL SECURITY NUMBER [OPTIONAL] |
|---|---|---|---|---|
| 11 | SIGN _Elizabeth Parsons_ PRINT ELIZABETH PARSONS | RESIDENCE 6321 STONYBROOK DRIVE CITY/TOWN RICHMOND VA 23225 | 3/27/16 | |
| 12 | SIGN _Robert L Andrews_ PRINT Robert L. Andrews | RESIDENCE 2018 Irvine Ave CITY/TOWN Richmond, VA 23220 | 3/27/16 | |
| 13 | SIGN _Elaine Gregory_ PRINT Elaine Gregory | RESIDENCE 4804 Springhill ave CITY/TOWN Richmond VA 23225 | 3/27/16 | |
| 14 | SIGN _Ernst Dewe_ PRINT Ernst Dewe | RESIDENCE 1514 West Ave CITY/TOWN Richmond, VA 23220 | 3/27/16 | |
| 15 | SIGN _____ PRINT _____ | RESIDENCE 7 S Shields Ave CITY/TOWN Richmond, VA 23220 | 3/27/16 | c |
| 16 | SIGN _____ PRINT _____ | RESIDENCE 7 S. Shields CITY/TOWN Richmond, VA 23220 | 3/27/16 | |
| 17 | SIGN _John F Berry_ PRINT JOHN F BERRY | RESIDENCE 6436 BUCKHILL CITY/TOWN RICHMOND VA | 3/27/16 | |
| 18 | SIGN _Tom C Matthew_ PRINT Tom C Matthew | RESIDENCE 4507 Hanover Ave CITY/TOWN Richmond VA | 3/27/16 | c |
| 19 | SIGN _____ Price PRINT Bob Price | RESIDENCE 2016 Jml CITY/TOWN | 3/27/16 | l |
| 20 | SIGN _John T Crutchfield_ PRINT John T. CRUTCHFIELD | RESIDENCE 3420 _____ St CITY/TOWN Richmond VA 23220 | | |
| 21 | SIGN _Robert Selby_ PRINT Robert Selby | RESIDENCE 3827 W. Weyburn Rd CITY/TOWN Richmond, Va 23235 | 3/27/16 | c |

- AFFIDAVIT -

Commonwealth of Virginia

I, _Alan Schintzius_, swear or affirm that (i) my full residential address is, _VA. 3321 Garland ave_ ; in the County/City/Town of _Richmond_ , in the State/Commonwealth of VA ; (ii) I am a legal resident of the United States of America; (iii) I am not a minor, (iv) I am not a felon whose voting rights have not been restored; and (v) I witnessed the signature of each person who signed this page or its reverse side. I understand that falsely signing this affidavit is a felony punishable by a maximum fine up to $2,500 and/or imprisonment up to ten years.

_Alan Schintzius_
SIGNATURE OF PERSON CIRCULATING THE PETITION

State of _Virginia_ County/City of _Richmond_

The foregoing instrument was subscribed and sworn before me this _12th_ day of _April_ , 20 _16_ , by _Alan Schintzius_
PRINT NAME OF PERSON CIRCULATING THE PETITION

_____
SIGNATURE OF NOTARY OR OTHER PERSON AUTHORIZED TO ADMINISTER OATHS     NOTARY REGISTRATION NUMBER**     DATE NOTARY COMMISSION EXPIRES**

CIRCULATOR'S DRIVER'S LICENSE NUMBER, IF APPLICABLE
T64252950

NAME OF STATE THAT ISSUED THE CIRCULATOR'S DRIVER'S LICENSE
VA

CIRCULATOR'S LAST 4 DIGITS OF SOCIAL SECURITY NUMBER
1895

NOTE: PHOTOGRAPH CALLY REPRODUCIBLE NOTARY SEAL/STAMP BELOW

Lisa Anne Cosby
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7527182
My Commission Expires 11/30/2016

Privacy notice: The Code of Virginia, §§ 24.2-506 and 24.2-521, authorizes requesting the last four digits of your social security number to facilitate checking this petition with the official voter registration record. You are not required to provide this information and may sign the petition without doing so. The State Board of Elections or the General Registrar, when copying this document for public inspection, must cover the column containing any social security number or part thereof.

** If included in seal/stamp.

SBE-506/521 REV 1.2013