**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| ALAN SCHINTZIUS, *et al*. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-00741 |
| | ) | |
| J. KIRK SHOWALTER, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>STATE DEFENDANTS' ANSWER
TO PLAINTIFFS' COMPLAINT</u>**

Defendants James Alcorn (Chairman, Virginia State Board of Elections), Clara Belle Wheeler (Vice-Chairman, Virginia State Board of Elections), Singleton B. McAllister, Esq. (Secretary, Virginia State Board of Elections) and Edgardo Cortés (Commissioner, Department of Elections) (collective, "State Defendants"), by counsel, state the following as their Answer to Plaintiffs' Complaint:

1. Paragraph 1 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied.

2. Paragraph 2 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied.

3. Paragraph 3 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied.

4. Paragraph 4 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied.

5. Paragraph 5 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied.

6. Paragraph 6 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied.

7. State Defendants are without sufficient information to admit or deny the allegations in paragraph 7 of the Complaint and call for strict proof thereof.

8. Paragraph 8 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 8 of the Complaint and call for strict proof thereof.

9. State Defendants deny the allegations in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied.

11. Paragraph 11 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied.

12. Paragraph 12 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied.

13. Paragraph 13 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, State Defendants admit that venue is proper.

14. State Defendants are without sufficient information to admit or deny the allegations in paragraph 14 of the Complaint and call for strict proof thereof.

15. Paragraph 15 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied.

16.     Paragraph 16 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 16 of the Complaint and call for strict proof thereof.

17.     Paragraph 17 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 17 of the Complaint and call for strict proof thereof.

18.     Paragraph 18 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 18 of the Complaint and call for strict proof thereof.

19.     Paragraph 19 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 19 of the Complaint and call for strict proof thereof.

20.      Paragraph 20 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 20 of the Complaint and call for strict proof thereof.

21.     Paragraph 21 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are

without sufficient information to admit or deny the remaining allegations in paragraph 21 of the Complaint and call for strict proof thereof.

22.     State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 22 and call for strict proof thereof.

23.     Paragraph 23 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 23 and call for strict proof thereof.

24.     Paragraph 24 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

25.     Paragraph 25 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

26.     Paragraph 26 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

27.     Paragraph 27 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

28.     Paragraph 28 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

29.     Paragraph 29 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

30.     State Defendants admit the allegations in paragraph 30 of the Complaint.

31.     Paragraph 31of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

32.     State Defendants aver that the Department of Elections publishes the GREBook, not the State Board of Elections, and therefore, denies the allegations regarding publishing and making the GREBook available in paragraph 32.  State Defendants aver that the GREBook speaks for itself and deny the allegations regarding the GREBook to the extent Plaintiffs paraphrase or seek to take certain portions of the form out of context and/or misstate its contents.

33.     State Defendants admit the allegations in paragraph 33 of the Complaint.

34.     State Defendants admit that James B. Alcorn is the Chairman of the SBE.  The remaining allegations of Paragraph 34 contain a legal conclusion to which no response is required.  To the extent a response is required, these allegations are denied.

35.     State Defendants admit that Clara Belle Wheeler is the Vice-Chairman of the SBE.  The remaining allegations of Paragraph 35 contain a legal conclusion to which no response is required.  To the extent a response is required, these allegations are denied.

36.     State Defendants admit that Singleton B. McCallister, Esq. is the Secretary of the SBE.  The remaining allegations of Paragraph 36 contain a legal conclusion to which no response is required.  To the extent a response is required, these allegations are denied.

37.     State Defendants admit that Edgardo Cortes is the Commissioner of the Department of Elections.  The remaining allegations of Paragraph 37 contain a legal conclusion to which no response is required.  To the extent a response is required, these allegations are denied.

38.     State Defendants admit the allegations in Paragraph 38 of the Complaint.

39.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 39 of the Complaint and call for strict proof thereof.

40.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 40 of the Complaint and call for strict proof thereof.

41.     The allegations in Paragraph 41 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

42.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 42 of the Complaint and call for strict proof thereof.

43.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 43 of the Complaint and call for strict proof thereof.

44.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 44 of the Complaint and call for strict proof thereof.

45.     The allegations in Paragraph 45 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 45 of the Complaint and call for strict proof thereof.

46.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 46 of the Complaint and call for strict proof thereof.

47.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 47 of the Complaint and call for strict proof thereof.

48.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 48 of the Complaint and call for strict proof thereof.

49.     The allegations in Paragraph 49 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

50.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 50 of the Complaint and call for strict proof thereof.

51.     The allegations in Paragraph 51 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 51 of the Complaint and call for strict proof thereof.

52.     State Defendants deny the allegations in paragraph 52 of the Complaint.

53.     The allegations in Paragraph 53 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 53 of the Complaint and call for strict proof thereof.

54.     The allegations in Paragraph 54 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 54 of the Complaint and call for strict proof thereof.

55.     The allegations in Paragraph 55 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 55 of the Complaint and call for strict proof thereof.

56.     The allegations in Paragraph 56 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 56 of the Complaint and call for strict proof thereof.

57.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 57 of the Complaint and call for strict proof thereof.

58.    The allegations in Paragraph 58 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants aver that the petition form attached to the Complaint as Exhibit A speaks for itself.  State Defendants deny the allegations regarding such petition form to the extent that Plaintiffs paraphrase or seek to take certain portions of the form out of context and/or misstate its contents.

59.    The allegations in Paragraph 59 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants deny the remaining allegations in Paragraph 59.

60.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 60 of the Complaint and call for strict proof thereof.

61.    The allegations in Paragraph 61 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

62.    The allegations in Paragraph 62 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

63.    The allegations in Paragraph 63 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

64.    The allegations in Paragraph 64 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 64 of the Complaint and call for strict proof thereof.

65.     The allegations in Paragraph 65 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants deny the remaining allegations in paragraph 65 of the Complaint.

66.     State Defendants aver that the GREBook speaks for itself.  State Defendants deny the allegations regarding the GREBook to the extent that Plaintiffs paraphrase or seek to take certain portions of the form out of context and/or misstate its contents.  State Defendants deny the remaining allegations in paragraph 66.

67.     The allegations in Paragraph 67 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 67 of the Complaint and call for strict proof thereof.

68.     The allegations in Paragraph 68 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 68 of the Complaint and call for strict proof thereof.

69.     The allegations in Paragraph 69 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 69 of the Complaint and call for strict proof thereof.

70.     The allegations in Paragraph 70 contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

71.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 71 of the Complaint and call for strict proof thereof.  State Defendants

aver that the email attached to the Complaint as Exhibit C speaks for itself and deny the allegations regarding such email to the extent that Plaintiffs paraphrase or seek to take certain portions of the form out of context and/or misstate its purpose.

72.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 72 of the Complaint and call for strict proof thereof.  State Defendants aver that the email attached to the Complaint as Exhibit C speaks for itself and deny the allegations regarding such email to the extent that Plaintiffs paraphrase or seek to take certain portions of the form out of context and/or misstate its purpose.

73.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 73 of the Complaint and call for strict proof thereof.  State Defendants aver that the email attached to the Complaint as Exhibit C speaks for itself and deny the allegations regarding such email to the extent that Plaintiffs paraphrase or seek to take certain portions of the form out of context and/or misstate its purpose.

74.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 74 of the Complaint and call for strict proof thereof.  State Defendants aver that the email attached to the Complaint as Exhibit C speaks for itself and deny the allegations regarding such email to the extent that Plaintiffs paraphrase or seek to take certain portions of the form out of context and/or misstate its purpose.

75.    State Defendants aver that the email attached to the Complaint as Exhibit C speaks for itself and deny the allegations regarding such email to the extent that Plaintiffs paraphrase or seek to take certain portions of the form out of context and/or misstate its purpose.

76.     State Defendants aver that the email attached to the Complaint as Exhibit C speaks for itself and deny the allegations regarding such email to the extent that Plaintiffs paraphrase or seek to take certain portions of the form out of context and/or misstate its purpose.

77.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 77 of the Complaint and call for strict proof thereof.  State Defendants aver that the document attached to the Complaint as Exhibit D speaks for itself and deny the allegations regarding such document to the extent that Plaintiffs paraphrase or seek to take certain portions of the form out of context and/or misstate its purpose.

78.     State Defendants aver that the regulation attached to the Complaint as Exhibit F speaks for itself and deny the allegations in Paragraph 78 regarding this regulation to the extent that Plaintiffs paraphrase or seek to take certain portions of the regulation out of context and/or misstate its purpose.

79.     State Defendants aver that the regulation attached to the Complaint as Exhibit F speaks for itself and deny the allegations in Paragraph 79 regarding this regulation to the extent that Plaintiffs paraphrase or seek to take certain portions of the regulation out of context and/or misstate its purpose.

80.     State Defendants aver that the regulation attached to the Complaint as Exhibit F speaks for itself and deny the allegations in Paragraph 80 regarding this regulation to the extent that Plaintiffs paraphrase or seek to take certain portions of the regulation out of context and/or misstate its purpose.

81.     State Defendants aver that the regulation attached to the Complaint as Exhibit F speaks for itself and deny the allegations in Paragraph 81 regarding this regulation to the extent

that Plaintiffs paraphrase or seek to take certain portions of the regulation out of context and/or misstate its purpose.

82.     State Defendants aver that Va. Code § 24.2-506 speaks for itself and deny the allegations in Paragraph 82 regarding this statute to the extent that Plaintiffs paraphrase or seek to take certain portions of the statute out of context and/or misstate its purpose.

83.     State Defendants aver that Va. Code § 24.2-506 speaks for itself and deny the allegations in Paragraph 83 regarding this statute to the extent that Plaintiffs paraphrase or seek to take certain portions of the statute out of context and/or misstate its purpose.

84.     Paragraph 84 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants aver that the regulation attached to the Complaint as Exhibit F speaks for itself and deny the allegations in Paragraph 84 regarding this regulation to the extent that Plaintiffs paraphrase or seek to take certain portions of the regulation out of context and/or misstate its purpose.

85.     Paragraph 85 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants aver that Va. Code § 24.2-506 speaks for itself and deny the allegations in Paragraph 85 regarding this statute to the extent that Plaintiffs paraphrase or seek to take certain portions of the statute out of context and/or misstate its purpose.

86.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 86 of the Complaint and call for strict proof thereof.

87.     State Defendants aver that the regulation attached to the Complaint as Exhibit F speaks for itself and deny the allegations in Paragraph 87 regarding this regulation to the extent

that Plaintiffs paraphrase or seek to take certain portions of the regulation out of context and/or misstate its purpose.

88.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 88 of the Complaint and call for strict proof thereof.

89.    Paragraph 89 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 89 of the Complaint and call for strict proof thereof.

90.    State Defendants aver that Va. Code § 24.2-506 speaks for itself and deny the allegations in Paragraph 90 regarding this statute to the extent that Plaintiffs paraphrase or seek to take certain portions of the statute out of context and/or misstate its purpose.

91.    Paragraph 91 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants aver that Va. Code § 24.2-506 speaks for itself and deny the allegations in Paragraph 91 regarding this statute to the extent that Plaintiffs paraphrase or seek to take certain portions of the statute out of context and/or misstate its purpose.

92.    Paragraph 92 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 92 of the Complaint and call for strict proof thereof.

93.    Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without

sufficient information to admit or deny the remaining allegations in paragraph 93 of the Complaint and call for strict proof thereof.

94.     Paragraph 94 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 94 of the Complaint and call for strict proof thereof.

95.     Paragraph 95 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants aver that the regulation attached to the Complaint as Exhibit F speaks for itself and deny the allegations in Paragraph 95 regarding this regulation to the extent that Plaintiffs paraphrase or seek to take certain portions of the regulation out of context and/or misstate its purpose.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 95 of the Complaint and call for strict proof thereof.

96.     Paragraph 96 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

97.     Paragraph 97 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants aver that the regulation attached to the Complaint as Exhibit F speaks for itself and deny the allegations in Paragraph 97 regarding this regulation to the extent that Plaintiffs paraphrase or seek to take certain portions of the regulation out of context and/or misstate its purpose.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 97 of the Complaint and call for strict proof thereof.

98.     State Defendants aver that the regulation attached to the Complaint as Exhibit F speaks for itself and deny the allegations in Paragraph 98 regarding this regulation to the extent that Plaintiffs paraphrase or seek to take certain portions of the regulation out of context and/or misstate its purpose.

99.     Paragraph 99 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants aver that the regulation attached to the Complaint as Exhibit F and Va. Code § 1-210  each speaks for itself and deny the allegations in Paragraph 99 regarding these code sections to the extent that Plaintiffs paraphrase or seek to take certain portions of the code sections out of context and/or misstate its purpose.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 99 of the Complaint and call for strict proof thereof.

100.    Paragraph 100 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

101.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 101 of the Complaint and call for strict proof thereof.

102.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 102 of the Complaint and call for strict proof thereof.

103.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 103 of the Complaint and call for strict proof thereof.

104.    State Defendants aver that the document attached to the Complaint as Exhibit B speaks for itself and deny the allegations in Paragraph 104 regarding this document to the extent that Plaintiffs paraphrase or seek to take certain portions of the document out of context and/or

misstate its purpose. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 104 of the Complaint and call for strict proof thereof.

105.     Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 105 of the Complaint and call for strict proof thereof.

106.     State Defendants aver that Va. Code § 24.2-506 speaks for itself and deny the allegations in Paragraph 106 regarding this statute to the extent that Plaintiffs paraphrase or seek to take certain portions of the statute out of context and/or misstate its purpose.

107.     Paragraph 107 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 107 of the Complaint and call for strict proof thereof.

108.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 108 of the Complaint and call for strict proof thereof.

109.     State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 109 of the Complaint and call for strict proof thereof.

110.     Paragraph 110 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants aver that the document attached to the Complaint as Exhibit B speaks for itself and deny the allegations in Paragraph 110 regarding this document to the extent that Plaintiffs paraphrase or seek to take certain portions of the document out of context and/or misstate its purpose. State Defendants are

without sufficient information to admit or deny the remaining allegations in paragraph 110 of the Complaint and call for strict proof thereof.

111.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 111 of the Complaint and call for strict proof thereof.

112.    State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 112 of the Complaint and call for strict proof thereof.

113.    Paragraph 113 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants aver that 1 VAC 20-50-20 speaks for itself and deny the allegations in Paragraph 113 regarding this regulation to the extent that Plaintiffs paraphrase or seek to take certain portions of the regulation out of context and/or misstate its purpose.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 113 of the Complaint and call for strict proof thereof.

114.    Paragraph 114 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 114 of the Complaint and call for strict proof thereof.

115.    Paragraph 115 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants aver that 1 VAC 20-50-30 speaks for itself and deny the allegations in Paragraph 115 regarding this regulation to the extent that Plaintiffs paraphrase or seek to take certain portions of the regulation out of context and/or misstate its purpose.  State Defendants are without sufficient information to admit

or deny the remaining allegations in paragraph 115 of the Complaint and call for strict proof thereof.

116. State Defendants are without sufficient information to admit or deny the allegations in paragraph 116 of the Complaint and call for strict proof thereof.

117. State Defendants aver that the document attached as Exhibit D speaks for itself and deny the allegations in Paragraph 117 regarding this document to the extent that Plaintiffs paraphrase or seek to take certain portions of the regulation out of context and/or misstate its purpose. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 117 of the Complaint and call for strict proof thereof.

118. Paragraph 118 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 118 of the Complaint and call for strict proof thereof.

119. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 119 of the Complaint and call for strict proof thereof.

120. Paragraph 120 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 120 of the Complaint and call for strict proof thereof.

121. Paragraph 121 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 121 of the Complaint and call for strict proof thereof.

122.     Paragraph 122 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants aver that 1 VAC 20-50-30 speaks for itself and deny the allegations in Paragraph 122 regarding this regulation to the extent that Plaintiffs paraphrase or seek to take certain portions of the regulation out of context and/or misstate its purpose.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 122 of the Complaint and call for strict proof thereof.

123.     State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 123 of the Complaint and call for strict proof thereof.

124.     Paragraph 124 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants aver that the document attached to the Complaint as Exhibit B speaks for itself and deny the allegations in Paragraph 124 regarding this document to the extent that Plaintiffs paraphrase or seek to take certain portions of the document out of context and/or misstate its purpose.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 124 of the Complaint and call for strict proof thereof.

125.     State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 125 of the Complaint and call for strict proof thereof.

126.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 126 of the Complaint and call for strict proof thereof.

127.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 127 of the Complaint and call for strict proof thereof.

128.     Paragraph 128 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 128 of the Complaint and call for strict proof thereof.

129.     State Defendants aver that the document attached to the Complaint as Exhibit B speaks for itself and deny the allegations in Paragraph 129 regarding this document to the extent that Plaintiffs paraphrase or seek to take certain portions of the document out of context and/or misstate its purpose.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 129 of the Complaint and call for strict proof thereof.

130.     Paragraph 130 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 130 of the Complaint and call for strict proof thereof.

131.     State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 131 of the Complaint and call for strict proof thereof.

132.     State Defendants aver that the document attached to the Complaint as Exhibit B speaks for itself and deny the allegations in Paragraph 132 regarding this document to the extent that Plaintiffs paraphrase or seek to take certain portions of the document out of context and/or misstate its purpose.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 132 of the Complaint and call for strict proof thereof.

133.     Paragraph 133 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without

sufficient information to admit or deny the remaining allegations in paragraph 133 of the Complaint and call for strict proof thereof.

134.    Paragraph 134 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 134 of the Complaint and call for strict proof thereof.

135.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 135 of the Complaint and call for strict proof thereof.

136.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 136 of the Complaint and call for strict proof thereof.

137.    Paragraph 137 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 137 of the Complaint and call for strict proof thereof.

138.    Paragraph 138 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 138 of the Complaint and call for strict proof thereof.

139.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 139 of the Complaint and call for strict proof thereof.

140.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 140 of the Complaint and call for strict proof thereof.

141.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 141 of the Complaint and call for strict proof thereof.

142.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 142 of the Complaint and call for strict proof thereof.

143.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 143 of the Complaint and call for strict proof thereof.

144.    Paragraph 144 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 144 of the Complaint and call for strict proof thereof.

145.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 145 of the Complaint and call for strict proof thereof.

146.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 146 of the Complaint and call for strict proof thereof.

147.    Paragraph 147 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 147 of the Complaint and call for strict proof thereof.

148.    Paragraph 148 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 148 of the Complaint and call for strict proof thereof.

149. Paragraph 149 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 149 of the Complaint and call for strict proof thereof.

150. Paragraph 150 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 150 of the Complaint and call for strict proof thereof.

151. Paragraph 151 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 151 of the Complaint and call for strict proof thereof.

152. Paragraph 152 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

153. State Defendants are without sufficient information to admit or deny the allegations in paragraph 153 of the Complaint and call for strict proof thereof.

154. Paragraph 154 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 154 of the Complaint and call for strict proof thereof.

155. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 155 of the Complaint and call for strict proof thereof.

156.     Paragraph 156 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

157.     State Defendants aver that the document attached to the Complaint as Exhibit D speaks for itself and deny the allegations regarding such email to the extent that Plaintiffs paraphrase or seek to take certain portions of the form out of context and/or misstate its purpose.

158.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 158 of the Complaint and call for strict proof thereof.

159.     Paragraph 159 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 159 of the Complaint and call for strict proof thereof.

160.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 160 of the Complaint and call for strict proof thereof.

161.     Paragraph 161 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 161 of the Complaint and call for strict proof thereof.

162.     Paragraph 162 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

163.     Paragraph 163 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 163 of the Complaint and call for strict proof thereof.

164.     Paragraph 164 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 164 of the Complaint and call for strict proof thereof.

165.     Paragraph 165 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 165 of the Complaint and call for strict proof thereof.

166.     Paragraph 166 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 166 of the Complaint and call for strict proof thereof.

167.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 167 of the Complaint and call for strict proof thereof.

168.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 168 of the Complaint and call for strict proof thereof.

169.     Paragraph 169 contains a legal conclusion to which no response is required.  To the extent a response is required, this allegation is denied.

170.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 170 of the Complaint and call for strict proof thereof.

171.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 171 of the Complaint and call for strict proof thereof.

172.     Paragraph 172 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 172 of the Complaint and call for strict proof thereof.

173.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 173 of the Complaint and call for strict proof thereof.

174.     State Defendants are without sufficient information to admit or deny the allegations in paragraph 174 of the Complaint and call for strict proof thereof.

175.     State Defendants incorporate the responses to paragraphs 165-172. The remaining allegations of paragraph 175 contain legal conclusions to which no response is denied. To the extent a response is required, these allegations are denied.

176.     Paragraph 176 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

177.     Paragraph 177 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 177 of the Complaint and call for strict proof thereof.

178.     State Defendants aver that Article II, § 1 of the Constitution of Virginia speaks for itself and deny the allegations in Paragraph 178 regarding this section to the extent that Plaintiffs paraphrase or seek to take certain portions of the section out of context and/or misstate its purpose.

179.     Paragraph 179 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants aver that Article

II, § 1 of the Constitution of Virginia speaks for itself and deny the allegations in Paragraph 179 regarding this section to the extent that Plaintiffs paraphrase or seek to take certain portions of the section out of context and/or misstate its purpose.

180.     Paragraph 180 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

181.     Paragraph 181 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

182.     Paragraph 182 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

183.     Paragraph 183 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

184.     Paragraph 184 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 184 of the Complaint and call for strict proof thereof.

185.     Paragraph 185 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 185 of the Complaint and call for strict proof thereof.

186.     Paragraph 186 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants aver that Va. Code § 24.2-506 speaks for itself and deny the allegations in Paragraph 186 regarding this statute

to the extent that Plaintiffs paraphrase or seek to take certain portions of the statute out of context and/or misstate its purpose.

187. Paragraph 187 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

188. Paragraph 188 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

189. Paragraph 189 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

190. Paragraph 190 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

191. Paragraph 191 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

192. Paragraph 192 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

193. Paragraph 193 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants aver that Va. Code § 24.2-506 speaks for itself and deny the allegations in Paragraph 193 regarding this statute to the extent that Plaintiffs paraphrase or seek to take certain portions of the statute out of context and/or misstate its purpose.

194. State Defendants aver that the Department of Elections publishes the GREBook, not the State Board of Elections, and therefore, denies the allegations regarding publishing and making the GREBook available in paragraph 194. State Defendants aver that the GREBook

speaks for itself and deny the allegations regarding the GREBook to the extent Plaintiffs paraphrase or seek to take certain portions of the form out of context and/or misstate its contents.

195.     Paragraph 195 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

196.     Paragraph 196 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 196 of the Complaint and call for strict proof thereof.

197.     Paragraph 197 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

198.     Paragraph 198 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

199.     Paragraph 199 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants aver that the Constitution of Virginia speaks for itself and deny the allegations in Paragraph 199 regarding this Constitution of Virginia to the extent that Plaintiffs paraphrase or seek to take certain portions of the document out of context and/or misstate its purpose.

200.     Paragraph 200 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

201.     Paragraph 201 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants aver that the Constitution of Virginia speaks for itself and deny the allegations in Paragraph 201 regarding this

Constitution of Virginia to the extent that Plaintiffs paraphrase or seek to take certain portions of the document out of context and/or misstate its purpose.

202.    Paragraph 202 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

202.    Paragraph 202 (the second number 202 in the Complaint) contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

203.    Paragraph 203 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

204.    Paragraph 204 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

205.    Paragraph 205 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

206.    Paragraph 206 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

207.    Paragraph 207 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

208.    Paragraph 208 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

209.    Paragraph 209 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

210.    Paragraph 210 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

211.    Paragraph 211 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

212.    Paragraph 212 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

213.    Paragraph 213 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

214.    Paragraph 214 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

215.    Paragraph 215 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

216.    Paragraph 216 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

217.    Paragraph 217 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

218.    Paragraph 218 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

219.    Paragraph 219 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 219 and call for strict proof thereof.

220.    Paragraph 220 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

221.     The allegations in paragraph 221 of the Complaint recite the nature of the Plaintiffs' request for relief and do not allege facts to which State Defendants can meaningfully respond.  To the extent a response is required, State Defendants deny that Plaintiffs are entitled to the requested relief or any relief.

222.     The allegations in paragraph 222 of the Complaint recite the nature of the Plaintiffs' request for relief and do not allege facts to which State Defendants can meaningfully respond.  To the extent a response is required, State Defendants deny that Plaintiffs are entitled to the requested relief or any relief.

## **Count I**

223.     State Defendants incorporate the preceding paragraphs as if set forth fully herein.

224.     Paragraph 224 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

225.     Paragraph 225 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

226.     Paragraph 226 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

227.     Paragraph 227 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

228.     Paragraph 228 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 228 and call for strict proof thereof.

229.    Paragraph 229 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

230.    Paragraph 230 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

231.    Paragraph 231 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

232.    Paragraph 232 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants deny that Plaintiffs are entitled to the requested relief or any relief.

## Count II

233.    State Defendants incorporate the preceding paragraphs as if set forth fully herein.

234.    Paragraph 234 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

235.    Paragraph 235 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

236.    Paragraph 236 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

237.    Paragraph 237 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

238.    Paragraph 238 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

239.    Paragraph 239 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

240. Paragraph 240 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

241. Paragraph 241 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants deny that Plaintiff is entitled to the relief sought or any relief.

## Count III

242. State Defendants incorporate the preceding paragraphs as if set forth fully herein.

243. Paragraph 243 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 243 and call for strict proof thereof.

244. Paragraph 244 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

245. Paragraph 245 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

246. Paragraph 246 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

247. Paragraph 247 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 247 and call for strict proof thereof.

248. State Defendants are without sufficient information to admit or deny the allegations in paragraph 248 and call for strict proof thereof.

249.     Paragraph 249 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

250.     Paragraph 250 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

251.     Paragraph 251 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

252.     Paragraph 252 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

253.     Paragraph 253 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

254.     Paragraph 254 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

254.     Paragraph 254 (the second paragraph 254) contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants deny that Plaintiff is entitled to the relief sought or any relief.

## Count IV

256.     Plaintiffs' Complaint does not contain a paragraph 255.  State Defendants incorporate the preceding paragraphs as if set forth herein.

257.     Paragraph 257 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

258.     Paragraph 258 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

259.    Paragraph 259 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

260.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 260 and call for strict proof thereof.

261.    Paragraph 261 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

262.    Paragraph 262 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 262 and call for strict proof thereof.

263.    Paragraph 263 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 263 and call for strict proof thereof.

264.    Paragraph 264 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

265.    Paragraph 265 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

266.    State Defendants are without sufficient information to admit or deny the allegations in paragraph 266 and call for strict proof thereof.

267.    Paragraph 267 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  State Defendants are without

sufficient information to admit or deny the allegations in paragraph 267 and call for strict proof thereof.

268. Paragraph 268 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

269. Paragraph 269 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

270. Paragraph 270 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

271. Paragraph 271 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

272. Paragraph 272 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

273. Paragraph 273 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. State Defendants deny that Plaintiffs are entitled to the relief sought or any relief.

274. State Defendants deny that Plaintiffs are entitled to preliminary or permanent injunctive relief in the form requested or in any form.

275. State Defendants deny that the Plaintiffs are entitled to any additional relief.

276. State Defendants deny that the Plaintiffs are entitled to attorneys' fees and costs.

**Defenses**

277. Plaintiffs are not entitled to the relief requested for the reasons set forth in the Complaint or for any other reason.

278.     The doctrine of laches bars Plaintiffs claims and requests for relief set forth in the Complaint and any other relief.

279.     Plaintiff Schintzius has waived his ability to challenge his candidacy disqualification based on the exclusion of the signatures of Plaintiffs Mabry, Ricks, and Warren because he failed to raise the qualification of these signatures during his appeal.

280.     Plaintiffs have not stated a claim against the State Board of Elections or Department of Elections for which any relief requested can be granted.

281.     To the extent Plaintiffs request that this Court order the State Board of Elections or Department of Elections to alter language in any regulations, petitions forms, or other documents, the Plaintiffs ask the Court to perform a legislative function which it cannot perform under Virginia law and/or the United States Constitution.

**James B. Alcorn, Clara Belle Wheeler, Singleton B. McAllister, Esq. and Edgardo Cortés**

By: _____/s/   Erica B. Mitchell_____
    Erica B. Mitchell (VSB No. 89420)
    Harold E. Johnson (VSB No. 65591)
    WILLIAMS MULLEN
    Williams Mullen Center
    200 South 10th Street, Suite 1600 (23219)
    PO Box 1320
    Richmond, VA  23218-1320
    Telephone:  (804) 420-6000
    Facsimile:  (804) 420-6507
    Email:  emitchell@williamsmullen.com
    Email:  hjohnson@williamsmullen.com
    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

William W. Tunner, Esq.
Michael G. Matheson, Esq.
ThompsonMcMullan, P.C.
100 Shockoe Slip, Third, Floor
Richmond, VA 23219

William F. Etherington, Esq.
Leslie A. Winneberger, Esq.
Beale, Davidson, Etherington & Morris, P.C.
701 E. Franklin Street #1200
Richmond, Virginia 23219

Paul Goldman
Morrissey & Associates, LLC
605 E. Nine Mile Road
Highland Springs, VA 23075

Mark S. Paullin, Esq.
Law Office of Mark Paullin
575-A Southlake Blvd.
Richmond, VA 23236

By: ____/s/ Erica B. Mitchell_____
Erica B. Mitchell (VSB No. 89420)
Harold E. Johnson (VSB No. 65591)
WILLIAMS MULLEN
Williams Mullen Center
200 South 10th Street, Suite 1600 (23219)
PO Box 1320
Richmond, VA 23218-1320
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email: emitchell@williamsmullen.com
Email: hjohnson@williamsmullen.com
*Counsel for Defendants*